Thomas v. State.

## THOMAS v. STATE.

### (*Nashville.* December Term, 1902.)

1. **NEW TRIAL. Examination of witnesses in open court, approved.**

   The examination of witnesses in open court upon motions for new trial involving controverted questions of fact is approved and pronounced the better practice. (*Post, p.* 687.)

2. **SAME. Findings of fact by trial judge, entitled to what weight.**

   It is settled law that the findings of fact of the trial judge upon all questions of fact arising upon motions for a new trial should be given the same weight and effect as in cases tried by them on the merits or the verdict of a jury. (*Post, p.* 687.)

   Cases cited and approved: Mann *v.* State, 3 Head, 373; Collins *v.* State, 15 Lea, 68; King *v.* State, 91 Tenn., 617; Ellis *v.* State, 92 Tenn., 100.

3. **SAME. Such findings will not be disturbed when supported by any material evidence.**

   So, it is now well settled in criminal as well as civil cases, that upon motions for a new trial involving controverted questions of fact, such as the misconduct or disqualification of jurors, the findings of the trial judge will not be disturbed, when there is any material evidence to support them. (*Post, p.* 688.)

   Case cited and approved: Ryan *v.* State, 97 Tenn., 211.

4. **JUROR. Incompetency of, must be seasonably shown to court—Otherwise fatal to motion for a new trial.**

   Where, on a motion for a new trial based upon the alleged disqualification of certain of the jurors by reason of previously formed or expressed opinions adverse to defendant,

Thomas v. State.

there was no showing that the disqualification alleged was un-
known to defendant or his counsel, when the jurors were
sworn, or at any time before verdict, a new trial will not
be granted.   In such cases it is the duty of defendant to
give information to the court of the alleged disqualification
or misconduct as soon as known to him and his failure to
show that he has done so is fatal to his motion for a new
trial.   (*Post, pp.* 688-689.)

FROM MAURY.

Appeal in error from the Circuit Court of Maury
County.   SAM HOLDING, Judge.

DINNING & DINNING, FIGUERS & PADGETT, GREEN-
LAW & WHITTHORNE, J. C. VOORHEES and J. C. SMI-
SER, for Thomas.

ATTORNEY GENERAL CATES, GEO. T. HUGHES and
SALMON & TURNER, for the State.

MR. JUSTICE SHIELDS delivered the opinion of the
Court.

John W. Thomas, plaintiff in error, was convicted
of voluntary manslaughter upon trial in circuit court
of Maury county, and his punishment fixed at six
years' confinement in the penitentiary, and from the
judgment upon this verdict he has prosecuted an ap-
peal in the nature of a writ of error to this court.

Upon the hearing of the motion to set the verdict
aside and grant him a new trial the plaintiff in error

introduced before the court evidence tending to show
that four of the jurors trying the case had previously
formed and expressed opinions unfavorable to him
upon the question of his guilt or innocence of the
charge preferred against him, and were not such fair
and impartial jurors as he was entitled to be tried
by under the law.

This is a serious assault upon the integrity of the
verdict of a jury and the judgment of the court there-
on, and whenever made with merit is entitled to the
most careful consideration.

The constitution guaranties to every one accused of
crime the right of trial by an impartial jury, and it is
the duty of the courts to see that this right is not
denied.

The constitution guarantees to every one accused of
the courts which shall have jurisdiction to conduct
trials of all charged with criminal offences, direct the
procedure and order of trial, and protect them in their
rights.

Circuit courts are specially provided for by the con-
stitution, and are courts of a high order, conducted
upon well-regulated principles and rules of practice
certain in their enforcement, and have from the organ-
ization of this State been vested with jurisdiction of
all criminal offences.  The judges of these courts are
of necessity and with great propriety given much dis-
cretion in the conduct of trials therein, and its exer-

cise will not be interfered with except in cases where it is clearly made to appear it has been abused.

Jurors are elected, impaneled and sworn, and the trial conducted under their immediate direction; and upon all motions for new trials they have the witnesses in relation to the new matter relied upon before them—the better practice being to examine them in open court—and can observe their manner of testifying, see the truth, and determine the matter more correctly than this court can from the manner in which the case is presented to it in a bill of exceptions.

Therefore every presumption is made in favor of the regularity of the proceedings of trials in those courts, including the qualifications of jurors elected by the parties and impaneled by the judges in such matters.

This makes it necessary and highly proper that the findings of the trial judges upon all questions of fact that arise upon motions for new trials should be given the same force and effect as in cases tried by them on the merits or the findings of juries, and is always done.

These principles are well settled by a long line of decisions of this court. We will only cite some of them: *Mann* v. *State,* 3 Head, 373; *Collins* v. *State,* 15 Lea, 68; *King* v. *State,* 91 Tenn., 617 (20 S. W., 169); *Ellis* v. *State,* 92 Tenn., 100 (20 S. W., 500).

The question here made upon four of the jurors trying the plaintiff in error was fully investigated by the trial judge, the jurors examined, the evidence

heard for and against the charges made against them, and upon the whole record thus made the circuit judge found, his special finding to that effect appearing in the record, that the charge that the jurors were not impartial, and were disqualified, on account of previous opinions formed and expressed, was not sustained, but, on the contrary, it was found that said jurors were qualified and competent, and such as the law guarantees to the plaintiff in error; and there is material evidence to sustain this finding.

The law, as we have said, is well settled that upon all questions of fact tried by a trial judge upon a motion for a new trial, his findings are entitled to the weight of a verdict of a jury, and will not be disturbed when there is material evidence in the record to support them, as in this case.  *Ryan* v. *State,* 97 Tenn., 211 (36 S. W., 930).

Further, it does not appear by affidavits of the plaintiff in error, or of his counsel, or otherwise, that the alleged disqualification of the jurors attacked was unknown to them when they were sworn, or at other times before the verdict was rendered, or that he called the attention of the court to their disqualification as soon as he received the information.

This is necessary in all cases where new trials are asked upon account of the misconduct or disqualification of jurors.  Parties can not knowingly permit incompetent jurors to try their cases, and then take advantage of the incompetency when the verdict is ad-

Thomas v. State.

verse to them.  They can not experiment with the courts in this way, but must call the attention of the trial judge to the facts in the proper manner at the earliest opportunity, or they will be held to have waived the disqualification.

Attacks upon jurors after adverse verdicts are said by Judge Caruthers in *Mann* v. *State,* supra, to be the last resort of the worst of criminals, and will always be closely scrutinized, and required to be clearly made out to be effective.

The presumption is in favor of the qualification of the jurors and of the regularity of trials, and this presumption must be overcome by clear and competent evidence before a motion for a new trial will be allowed for these reasons.

This assignment of error must be overruled.

Other assignments of error were disposed of in an oral opinion.

Judgment affirmed.