## Taylor *v.* State.

### (*Nashville*, December Term, 1942.)

Opinion filed May 29, 1943.

CUMMINGS & MELTON, of Woodbury, for plaintiff in error.

ERNEST F. SMITH, Assistant Attorney-General, for the State.

Mr. Justice Chambliss delivered the opinion of the Court.

There was a conviction in this case of violation of the age of consent, with a prison sentence of three years. Taylor was nineteen years of age and the girl seventeen at the time of the trial in October, 1942. She gave birth to a baby October 28th, pending disposition of a motion for a new trial. They went together for three or four years and she says and he agrees that they had many acts of intercourse during the year or more prior to February 8, 1942, the date elected by the State to which to relate this prosecution. There were two defenses: (1) That defendant did not have such relations with this girl after December, 1941, and was not at her home and did not commit the act, as she testifies, on February 8, 1942; and (2) that she was unchaste and had had such relations with other men before his first intercourse with her; that she was a bawd and lewd woman within the terms of the statute. Code 1932, section 10786.

██ We find no preponderance of evidence against the verdict on either proposition. Not only does defendant admit repeated commission of the offense on many occasions other than the elected date, but the girl is supported by the testimony of her parents as to his presence and opportunity on February 8th, and his admission of frequent use of like opportunities on many other dates is corroboration of her testimony as to his use thereof on February 8th. *Ross* v. *State*, 130 Tenn., 387, 170 S. W., 1026. The birth of the child also tends to corroborate her as to this date of her pregnancy, corresponding, as it does, to this period. Also, his conversation and conduct when first accused by her father is in some measure corroborative, in that he did not deny

his guilt, but practically conceded it and, in effect, agreed to marry the girl. And as to the defense of unchastity, there was no direct evidence of illicit relations with other men, although there is testimony as to admissions made by the girl to one or more associates, and of one or more opportunities for such relations under suspicious circumstances with two other men. However, neither of these men testified, and in view of conflicts and contradictions in the testimony, the jury was justified in its verdict. It becomes unnecessary to pass on several questions raised as to the conduct of the trial, in view of our disposition of the assignment complaining of the refusal of a new trial on the ground of newly discovered evidence.

After the verdict was rendered and in support of this motion, affidavits were introduced by the two men to whom reference has been made in which they state positively that they each had such relations with this girl on the occasions referred to on the trial. Also, the affidavit of a young girl is produced in which she confirms directly the statement of Palmer Pelham, one of these men, saying that she was with the parties and saw conduct strongly confirmatory of Pelham. Other affidavits confirm the statements of one Joe Smith, the second of these men. The affidavits of both of these men are positive and circumstantial.

On the primary question of reasonable diligence, essential to this ground for a new trial, neither of these men was apparently available as a witness on the trial. Pelham was in a Nashville hospital with tuberculosis and Smith was working in Detroit, Michigan. Pelham says he had refused to make a statement before the conviction of Taylor, but does so now, impelled by conscience, to prevent an injustice; that he is still confined in the

hospital but will be released on January and will appear and testify on a new trial. Smith makes substantially the same statement.

This Court gives great weight to the action of the trial judge on a motion for a new trial, and when there is an oral hearing and the judge sees and hears the witnesses on the motion, and the testimony adduced is conflicting, his findings will be given the weight of a jury verdict. *Thomas* v. *State,* 109 Tenn., 684, 75 S. W., 1025; *Leonard* v. *State,* 155 Tenn., 325, 292 S. W., 849.

In the instant case neither of the two principles affiants were present, or then available, and all the evidence offered on the trial of the motion was by affidavits. There was no conflict of testimony on the hearing of this motion. The learned trial judge has not put into the record his reasons for overruling the motion, whether for lack of diligence or doubt of the truth of the affidavits, or doubt of the availability and production of these witnesses on a new trial, if granted, or of the materiality of the testimony. These two men were named and identified on the first trial, and it was then shown that one was in the hospital and the other in Detroit and not available.

In the instant case, as said, there was no conflict of testimony on the hearing of this motion. When the facts are undisputed the sufficiency of the showing of diligence becomes a question of law, which this Court will review. *Ross* v. *State,* 130 Tenn., at page 393, 170 S. W., 1026. We think reasonable diligence was here shown. It fairly appears, as is commonly true, that these men were unwilling witnesses and sought to avoid testifying and were neither where they could be readily reached and compelled.

It is possible that the trial Judge took the view that the evidence was not newly discovered, since de-

fendant and counsel knew of it during and before the trial. But, although not newly discovered evidence, in the usual sense of the term, its *availability* is newly discovered, to which the same principle applies.

Unquestionably this new testimony offered is material, directly in point. We are of opinion that a jury should be given the opportunity to hear these witnesses and pass on their credibility, which was not challenged or attacked on the hearing of the motion. If the jury accepts their testimony, supported by other evidence which is apparently available, this will certainly bring about a different result on a new trial. These two chief essentials for favorable consideration of this ground of a motion for a new trial, diligence and materiality, we think have thus been met.

We do not have here a matter of procedure in the conduct of the trial, or of a finding on conflicting evidence heard by the trial judge, as to which matters this Court gives determinative weight to the discretionary action of the trial judge.

In passing on a motion for a new trial for newly discovered evidence when (1) reasonable diligence has been shown, and (2) its materiality is evident and, therefore, likely, as here, to change the result, if produced and accepted by the jury, the granting of a new trial is a matter of right. This appearing without a conflict in the testimony heard by the trial judge, the rule vesting controlling discretion in the trial judge does not govern on appeal. *Tabler* v. *Connor,* 60 Tenn. (1 Baxt.), 195; *Ross* v. *State, supra; Demonbreun* v. *Walker,* 63 Tenn. (4 Baxt.), 199. The last cited case is an illustration of a motion for a new trial heard by the trial judge on affidavits only in which the trial judge overruled the motion and this Court reviewed this action and held that the

affidavits showed both diligence and materiality and reversed for a new trial. We are of opinion that justice will be best served by the granting of a new trial for the hearing of the testimony of these witnesses.

A motion was made by the State to strike the bill of exceptions because not filed in time. The motion for a new trial was overruled on the 11th day of November, 1942, and sixty days was granted for the filing of the bill of exceptions. The record shows that the bill of exceptions was marked filed by the Clerk on the 24th day of December, but the approval of the trial judge is dated January 11, 1943, which was the sixty-first day. It is conceded for plaintiff in error that the attestation by the trial judge within the time granted was an essential, but it appears that the sixtieth day fell on Sunday. Counsel for plaintiff in error properly invoke Code, Section 11, which provides:

"The time within which any act provoided by law is to be done, shall be computed by excluding the first day and including the last, unless the last day is Sunday, and then it also shall be excluded."

Referring to this Code Section, Chief Justice GREEN, in *Hanover* v. *Boyd,* 173 Tenn., 426, at page 430, 121 S. W. (2d), 120, at page 122, said:

"Such method of counting time is of invariable use in this jurisdiction. The time after judgment for the issuance of an execution, the time after judgment in which an appeal is to be prayed, the time after judgment of the Court of Appeals in which petition for *certiorari* may be filed, the time after judgment in which a petition to rehear may be filed, *the time after motion for new trial overruled in which a bill of exceptions may be filed*—all these periods are so calculated."

We have italicized applicable and determinative words. In view of the showing that the sixtieth day fell on Sunday, counsel for the State concede the motion should be overruled and it is so ordered. Reversed and remanded for a new trial.