# GARDNER v. BURKE.—187 S. W. (2d) 25.

Eastern Section.  November 14, 1944.

Petition for Certiorari denied by Supreme Court, March 3, 1945.

Harry A. Hite, of Chattanooga, for plaintiff in error.

Eugene J. Bryan, of Chattanooga, for defendant in error.

HALE, J. We speak of the parties as they appeared in the lower court. The plaintiff, six years of age, was injured in a collision between a car in which he was riding and one owned and driven by defendant.

There were two trials, the first resulting in a verdict for defendant. This was set aside by Judge Ballard. On the second trial, there was a verdict in plaintiff's favor for $1,500. This was approved by the trial judge and the defendant has prosecuted this appeal in error.

The assignments assert in substance that the court abused his discretion in granting a new trial to plaintiff after the jury's verdict in the first trial; that there is no evidence upon which to base the verdict in favor of plaintiff on the second trial; and that the court erred in the admission of certain evidence on the second trial.

The evidence in the first trial was duly preserved by wayside bill of exceptions. We first consider the alleged error committed in giving plaintiff a new trial. The grounds given by plaintiff were in general terms and to the effect that the verdict was contrary to the weight of the evidence, and that there was no evidence to support the verdict. The trial judge was of opinion that "the motion is well made" and gave a new trial.

The trial judge has the opportunity of observing the witnesses as they testify. He is the thirteenth juror and no verdict is valid unless approved by him. Carter v. Pickwick Greyhound Lines, 166 Tenn. 200, 60 S. W. (2d) 421; State ex rel. Richardson v. Kenner, 172 Tenn. 34, 109 S. W. (2d) 95. His action in granting a

122

new trial will not be interfered with unless it appears there was an abuse of the discretion conferred upon him. Where, as in this case, his action is based upon the weight of the testimony, there cannot be said to be an abuse of discretion, but to the contrary the trial judge is in the proper exercise of his power to prevent a miscarriage of justice.

In American Jurisprudence there is the following terse statement of the rule: "Since the granting or denying of a new trial is discretionary with the trial judge, his ruling cannot be relied on as ground for reversal unless an abuse of discretion is shown. A party who has appealed from an order granting a new trial after a verdict in his favor must assume the burden of showing an abuse of the trial court's power or discretion. The question as to whether discretion has been abused in the setting aside of a verdict depends upon the showing as to whether the court's power has been exercised for reasons which are clearly untenable or in a way that is clearly unreaonsable or inexplicable. It may be noted, however, that the appellate courts are ordinarily more liberal in upholding the trial court's action in sustaining a motion for a new trial than they are in upholding the court's action in denying such a motion." 39 Am. Jur. 200, "New Trial", Par. 202. To the same general effect are our cases. Thomas v. State, 109 Tenn. 684, 75 S. W. (2d) 1025; Leonard v. State, 155 Tenn. 325, 292 S. W. 849; Taylor v. State, 180 Tenn. 62, 171 S. W. (2d) 403; Darnell v. Mc-Nichols, 22 Tenn. App. 287, 122 S. W. (2d) 808; Hunt v. Hoppe, 22 Tenn. App. 540, 124 S. W. (2d) 306.

■ The record sustains his action.

■ It is next said there is no evidence to support the verdict. This requires a review of the facts. Plaintiff

and his mother were in a car driven by Sam Branch. The accident occurred at the intersection of Wilcox Highway and Tunnell Boulevard. According to the evidence adduced for plaintiff, the accident was due to the extremely high and reckless speed of the defendant, who, on the other hand, said he was proceeding in second gear at a very low rate of speed. The jury weighed these contradictory theories and the verdict being approved by the trial judge is binding on us.

The next contention is that the court committed reversible error in his ruling in allowing plaintiff's mother to testify as follows:

"Q. 47 Tell how he was injured? A. He had a fractured skull . . .

"Mr. Hite: I object to any subjective symptoms.

"Court: She can tell what she knows.

"Mr. Hite: What she saw.

"Court: Overruled.

"Mr. Hite: We except.

"A. The child is there, and the scars are still on him.

"Q. 48 Was his head sewed up? A. Yes. 12 or 14 stitches. I don't remember, exactly which. They didn't think he would live through the night.

"Mr. Hite: I object to that.

"Court: Sustained.

"Q. 49 How long was the child unconscious? A. He wasn't unconscious.

"Q. 50 When they sewed his head up did they put him to sleep? A. I thing not.

"Q. 51 Did you stay in the room? A. Yes, I watched them.

"Q. 52 Was his arm or elbow hurt? A. Yes, he had a fractured arm.

"Mr. Hite: I object to that.

"Court: Unless she knows of her own knowledge; not what the doctor told her.

"Mr. Hite: She couldn't know.

"Court: You can cross examine."

We think the court erred in permitting the witness to testify the plaintiff had a fractured skull. It is evident she could have no knowledge of this other than derived from her doctor. A lay person might detect a broken arm or leg but could not say that the skull was fractured. However, we do not believe this constituted reversible error. First, if we give the jury credit for a modicum of intelligence, it could not have been misled by such an answer. Moseley v. Goodman, 138 Tenn. 1, 195 S. W. 590, Ann. Cas. 1918C, 931. Second, it is apparent that able counsel for the defendant *welcomed* this error and took no steps to correct it. We think it evident that the eminent trial judge gave the defendant the right to cross examine on this matter. Not having exercised that right we think the rule as to *invited* error applies. As Judge Chambliss said: "Nothing is better settled than that a 'plaintiff in error will not be permitted to take advantage of errors which he himelf committed, or invited, or induced the trial Court to commit, or which were the natural consequence of his own neglect or misconduct.' 4 C. J., p. 700, citing many cases. 3 Am. Jur. pp. 414, 427, et seq., is to the same effect."

Gentry v. Betty Lou Bakeries, 171 Tenn. 20, 100 S. W. (2d) 230, 231.

Third, there is adequate competent evidence, aside from that erroneously admitted, to authorize a verdict for the amount found by the jury. For any of these reasons, we

think the error committed did not affect the result of the trial. Code, Sec. 10654. It results that the judgment below be affirmed with interest and cost.

McAmis and Burnett, JJ., concur.