## HAROLD RAPER, Plaintiff in Error, v. STATE OF TENNESSEE, Defendant in Error.

### 462 S.W.2d 261.

Court of Criminal Appeals of Tennessee. Oct. 27, 1970.

Certiorari Denied by Supreme Court Dec. 21, 1970.

W. E. Michael, Sweetwater, for plaintiff in error.

David M. Pack, Atty. Gen., Thomas E. Fox, Deputy Atty. Gen., Nashville, Kendred A. White, Asst. Dist. Atty. Gen., Madison-ville, for defendant in error.

## OPINION

WALKER, Presiding Judge.

From an order revoking his suspended sentence, the defendant below, Harold Raper, appeals to this court. The suspended sentence of one to three years on Raper's plea of guilty to an attempt to commit voluntary manslaughter had been granted by the trial judge September 11, 1968.

On April 9, 1969, the trial judge issued a notice to the defendant to show cause why his parole or suspension of sentence should not be revoked. The charges made known to him were that (1) he was a suspect in a murder case, (2) he was convicted of public drunkenness, (3) he drove recklessly, without a license and possessed whiskey March 15, 1969, (4) he frequented "a beer joint" and (5) that he was guilty of general misconduct by drunkenness.

In his answer the defendant admitted that he had been indicted for murder but insisted that he was not guilty. He specifically denied all of the other charges.

After hearing the proof on April 9, 1969, the trial judge took the case under advisement and announced his decision on May 12, 1969.

We reverse today the defendant's conviction for voluntary manslaughter which is a charge of which Raper was

notified. The proof introduced at the hearing was on other charges contained in the notice.

On February 8, 1969, at about 11:45 P.M., a state trooper arrested the defendant for public drunkenness and took him to jail. The next morning his mother came to the jail and made a cash bond of $25.50. He was then released. The record shows that he did not appear for trial and forfeited the bond.

Raper insisted that he did not know he was charged with public drunkenness and that he thought he was charged with failure to have a title to his automobile. He says he was not drinking and would have defended such a charge. He says he did not know until a week later that his mother had made the cash bond.

On March 15, 1969, the same trooper attempted to arrest the driver of the defendant's car for reckless driving. The trooper insists that the defendant was driving it when the trooper blocked the road with his patrol cruiser; that the defendant drove off the road, down a bank and ran as did William Peeler and a girl with him. A pint bottle of whiskey was under the front seat.

About 20 or 30 minutes later, Raper drove up in another automobile and inquired why the trooper was taking his car away. His mother and William Peeler were with him. The trooper put him in the back seat of the cruiser and chased Peeler who again ran away. When the trooper returned, Raper had gone. The trooper says it was necessary for someone to open the door from the outside for Raper to leave.

The defendant pled not guilty to the charges growing

out of this incident and the general sessions judge bound him over to the grand jury.

Raper vigorously insists that he was not driving his car at the time and that the trooper was mistaken about his identity. His younger brother and Peeler both testify that the brother was driving and that the defendant was not present until he arrived later to see about the car. By their testimony he had nothing to do with the whiskey found in the car. Raper says he opened the door of the cruiser and walked home.

Raper denied all charges of misconduct. He said that he had observed all the rules of his probation, had not frequented any beer taverns or been guilty of any misconduct.

The trial judge heard the witnesses and the conflicting testimony. His findings will be given the weight of a jury verdict. Taylor v. State, 180 Tenn. 62, 171 S.W.2d 403.

The evidence necessary to order a revocation of a suspended sentence does not require the quantum of proof necessary to convict one of a crime in the first instance. Bledsoe v. State, 215 Tenn. 553, 387 S.W.2d 811.

The evidence does not preponderate against the findings of the trial judge and we do not think he abused his discretion in revoking the suspended sentence.

The judgment is affirmed.

GALBREATH and MITCHELL, JJ., concur.