**STATE of Tennessee, Appellee,**

v.

**Ronnie Lee HOLT, Appellant.**

Court of Criminal Appeals of Tennessee, at Nashville.

June 29, 1990.

Permission to Appeal Denied by Supreme Court Nov. 26, 1990.

1984 amendment.

Charles W. Burson, Atty. Gen. & Reporter, Kimberly Lynn Hattaway, Asst. Atty. Gen., and David Cooper, Asst. Dist. Atty. Gen., for appellee.

Phillip L. Davidson, Nashville, for appellant.

## OPINION

BIRCH, Judge.

The Criminal Court of Davidson County entered judgment upon a jury verdict convicting the defendant, Ronnie Lee Holt, of use of a minor for obscene purposes,[1] two counts of aggravated rape,[2] and five counts of aggravated sexual battery.[3] The trial court imposed Range II terms of fifteen years, twenty years, and fifty years, respectively. The sentences are to be served concurrently.

By this appeal of right, Holt challenges the sufficiency of the convicting evidence and presents two other issues for our resolution:

1. Whether the trial court erred in admitting the testimony of two witnesses; and
2. Whether the trial court erred in denying a new trial on the basis of newly-discovered evidence.

We modify the judgment and affirm.

## I

Addressing the issues in procedural order, we first consider the defendant's challenge to the admission of testimony from two witnesses, the first of whom is Patricia Coffee. Ms. Coffee, a candidate for an advanced degree in social work,[4] worked as a counselor at the Vanderbilt Rape and Sexual Abuse Center. Soon after the crimes were reported to authorities, she began conducting weekly counseling sessions with L,[5] the victim, who was then ten years old. At the time of trial, these sessions had been going on for six months.

We can identify no issue to which the nature or extent of counseling can be fairly connected. Thus, we agree with the defendant that this testimony was without probative value and should have been excluded. However, in light of our assessment of the convicting evidence, as hereinafter addressed, any error in the reception of this testimony was harmless. *See* Tenn.R. Crim.P. 52(b).

The other witness whose testimony the defendant challenges is the victim's eight-year-old sister. The basis of this challenge is his assertion that the state's response to his pretrial request for the identity of all eyewitnesses expected to testify was misleading.

The state is required to do no more than list on the indictment the names of all witnesses expected to be called. Tenn.Code Ann. Section 40–17–106. The victim's sister was listed on the indictment as a witness, and the state's response to the defendant's request for eyewitnesses unequivocally directed him to the indictment.

If the defendant deemed the state's response inadequate, or even misleading as he now asserts, he had the option of requesting that the trial judge entertain a motion to compel. He did not pursue this avenue. This issue is dismissed.

## II

The defendant next challenges the sufficiency of the convicting evidence. The proof establishes that L is the defendant's step-daughter. At the time of the offenses, she lived in a two-bedroom trailer home with her mother, her eight-year-old sister, and the defendant. During one week in July 1988, the defendant repeatedly sexually assaulted the victim. These assaults occurred in various rooms of the trailer and also in the defendant's car. It began with the defendant exposing himself to the child. He progressed to masturbating in her presence and to fondling her outside and inside her clothing. He removed her clothing and fondled her vaginal

---

1. Tenn.Code Ann. Section 39–6–1137.

2. Tenn.Code Ann. Section 39–2–603(a)(4).

3. Tenn.Code Ann. Section 39–2–606.

4. The prosecutor made no attempt to qualify her as an expert.

5. Due to the age of the victim and the nature of the offenses, we identify the victim by initial.

area; he rubbed her breasts; he forced her to masturbate him and to perform fellatio on him. Finally, he penetrated her vaginally.

During trial, L told of the defendant's efforts to prevent disclosure of his conduct by promising to install a telephone in her room if she kept it a secret.

Frederick Earl Barr, M.D., a pediatric resident, told of an uncommonly large number of vaginal blood vessels that he observed during his pelvic examination of L. He noticed an abnormally large clitoris and found tearing and scarring of the hymen. He opined that these findings were consistent with penetration and sexual abuse.

The defendant did not testify. He did, however, offer the testimony of three witnesses in an effort to impeach L's credibility. This effort appears to have failed.

■ Once approved by the trial judge, the jury's verdicts of guilty accredited the testimony of the state's witnesses and resolved all conflicts in favor of the theory of the state. *State v. Phillips*, 672 S.W.2d 427 (Tenn.Crim.App.1984). A conviction cannot be reversed for insufficiency unless this court finds the evidence insufficient to support the findings by the trier of fact beyond a reasonable doubt. Tennessee Rule of Appellate Procedure 13(e); *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

In regard to the defendant's convictions for aggravated rape and aggravated sexual battery, we are satisfied that the victim's testimony and that of her sister provide sufficient evidence to support the jury's verdict. With the addition of the other evidence, the proof against the defendant becomes insurmountable. This issue is dismissed.

### III

Third, Holt contends that he is entitled to a new trial on the basis of newly discovered evidence.

■ In *State v. Goswick*, 656 S.W.2d 355 (Tenn.1983), our Supreme Court reiterated

the criteria to be considered when deciding motions for new trial based upon newly-discovered evidence.[6] These criteria, adopted from *Taylor v. State*, 180 Tenn. 62, 171 S.W.2d 403 (1943), require that the defendant show reasonable diligence. 656 S.W.2d at 358. They also require that the evidence be material and likely to change the result of the proceeding if produced and accepted by the jury. 656 S.W.2d at 359.

■ In the case under review, as in *Goswick*, no oral testimony was presented, and the trial court resolved the issue upon noncontradicting affidavits. Therefore, the rule vesting controlling discretion in the trial judge does not govern our resolution of the issue here, and whether the requirements have been fulfilled becomes a question of law.

■ The evidence in question consists of three sworn statements. They are similar in content—the one sworn to by the victim's cousin is typical:

> [L] was with me last summer, it was June, and during the night she told me that she understood about sex. I asked her how come, and she said that her uncle has played with her and made her stand up on the bed naked and then touched her and everything. I don't really know what he did except that [L] [said] he touched he[r] in her privates.

The defendant asserts that this sworn statement proves that L was molested by an uncle rather than by him. This evidence, he argues, would have rebutted the victim's testimony and "strengthened" his case.

In refusing to grant a new trial, the trial judge stated on the record:

> [I]t's a little doubtful as to Lisa Denny being a person that you could consider newly discovered evidence as much as you would consider—not that you would in any manner, and I don't mean to imply that, but it's hard to imagine that what she is saying now is—is—is much more than what she or someone close to her might have suggested would have been

6. 656 S.W.2d at 358–59.

helpful at the time of the trial. And I feel like that what she is now presenting in this affidavit is something that clearly should have been known to everyone when this case was tried. It, actually, though, only gets into what she is saying that someone may have told her about some other unrelated incident anyway. So I don't think, No. 1, frankly, that it's really newly discovered evidence, per se. No. 2, I think it's probably an unrelated case, if it's anything. And I'm not sure under the *Willis* decision which has come up in this Court a number of times, that whatever that may or may not have been that was not before this jury and really not probative as to whether or not this man, the defendant, committed the acts that—that was testified about and that the jury accepted, I'm not sure that that would have been probative or competent evidence in this particular case.

We find that the defendant has not shown the requisite diligence. Nor has he convinced us that had the evidence been produced and accepted by the jury, it would

---

7. Tenn.Code Ann. Section 39-6-1137.

---

have changed the outcome of the proceedings. This issue is overruled.

## IV

Under the authority granted by Tennessee Rule of Criminal Procedure 52(b) to notice plain error, we address the defendant's conviction on Count 10 for use of a minor for obscene purposes.[7] This statute was enacted, we think, to prohibit the use of minors for pornographic purposes. While Holt's conduct—masturbating in front of a fully-clothed minor—was indeed reprehensible, it did not implicate the statute.

Accordingly, the conviction upon Count 10 of the indictment is vacated, as is its fifteen-year sentence.

As herein modified, the judgment of the trial court is affirmed.

JONES, J., concurs.

DWYER, J., dissents.