# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON

---

K-TESTING LAB, INC.,         )

                                    )

      Plaintiff/Appellee,        )      Shelby Equity No. 107837

                                      )

**vs.**                                 )

                                      )

**ESTATE OF LARRY L. KENNON,**    )      Appeal No. 02A01-9703-CH-00064
**BRENDA L. KENNON, EXECUTRIX,**  )

                                      )

      Defendant/Appellant.     )

## APPEAL FROM THE CHANCERY COURT OF SHELBY COUNTY
## AT MEMPHIS, TENNESSEE

### THE HONORABLE D. J. ALISSANDRATOS, CHANCELLOR

<u>For the Plaintiff/Appellee:</u>          <u>For the Defendant/Appellant</u>:

Louis R. Lucas                    Warner Hodges, III
Russell X. Thompson            Germantown, Tennessee
Memphis, Tennessee

**AFFIRMED IN PART AND
REVERSED IN PART**

HOLLY KIRBY LILLARD, J.

CONCUR:

W. FRANK CRAWFORD, P.J., W.S.

ALAN E. HIGHERS, J.

**OPINION**

At issue in this case is a stock redemption agreement executed by the owners of a closely-held corporation. The Chancellor issued a mandatory injunction instructing the holder of the stock certificates to abide by the stock redemption agreement and turn over the shares to the corporation, and the holder appealed. We affirm in part and reverse in part.

Plaintiff/Appellee K-Testing Laboratory, Inc. ("K-Testing"), is a closely-held Tennessee corporation with offices in Memphis, Tennessee. K-Testing is currently owned by two shareholders, Bernie Lee Keating and the estate of Larry L. Kennon, Brenda L. Kennon, Executrix. Each shareholder holds fifty percent of the capital stock. Before the death of Larry Kennon, he and Keating entered into a "Stock Restriction and Redemption Agreement" ("SRRA") which established a procedure by which, upon the death of either stockholder, the Corporation would purchase the decedent's stock for a previously ascertained value. This value could be modified by mutual agreement, and was modified in 1992 when the parties increased the value of each shareholder's interest to $ 315,000.00.

Larry Kennon died on April 9, 1996, leaving a will which was admitted to Probate in Shelby County. Brenda Kennon was named as Executrix. Pursuant to the SRRA, K-Testing made a tender offer to Brenda Kennon for the shares of stock held by the estate of Larry Kennon soon after his death. At this time, Brenda Kennon asked to see the books of the corporation. Keating refused. The negotiations broke down, and on July 11, 1996, K-Testing filed a lawsuit to enforce the SRRA against Kennon's estate.

On the same date the Complaint in this action was filed, the Chancellor issued an Order to Show Cause and for Permission to Commence Discovery Prior to Answer. This Order scheduled a final hearing for July 26, 1996 and also granted K-Testing permission to take the deposition of Brenda Kennon upon five days' notice. Brenda Kennon filed a motion to quash her deposition on July 15, 1996. This motion was denied and Brenda Kennon's deposition took place on July 22, 1996. A hearing was held on July 26, 1996. On that date, the Chancellor entered an order granting a mandatory injunction which required Brenda Kennon to immediately transfer the decedent's stock to K-Testing in exchange for the sum of $ 307,500. K-Testing then filed a motion for attorneys' fees and costs in this matter. The Chancellor granted K-Testing's request, over Brenda Kennon's objection, on August 23, 1996. Brenda Kennon filed a motion for new trial and a motion to allow filing of counter-complaint. The Chancellor denied both motions, and Brenda Kennon appealed to

this Court.

We review the Chancellor's findings *de novo*, with a presumption of correctness of the findings of fact. Tenn. R. Civ. P. 13(d).

The Appellant raises two issues on appeal. First, she argues that the Chancellor erred in granting "what was in effect a summary judgment only eleven days after the complaint was filed," and without adequate opportunity to allow her to properly investigate and develop her defenses and counter-complaint. While Appellant raises legitimate questions, this argument was not raised before the Chancellor until thirty days after the hearing of July 26, in a motion for new trial filed by Brenda Kennon. Because Kennon never requested an extension of time or a resetting of the hearing date, she cannot now argue that the expedited hearing was error. "[T]his Court can only consider such matters as were brought to the attention of the trial court and acted upon or [pretermitted] by the trial court." *Stewart Title Guar. Co. v. F.D.I.C.*, 936 S.W.2d 266, 270-71 (Tenn. App. 1996) (quoting *Irvin v. Binkley*, 577 S.W.2d 677, 679 (Tenn. App. 1978)); *see also Thomas v. Noe*, 301 S.W.2d 391, 394 (Tenn. App. 1956); *Foley v. Dayton Bank & Trust*, 696 S.W.2d 356, 359 (Tenn. App. 1985)).

Appellant argues that the trial court abused its discretion in denying Kennon's motion for a new trial. In Tennessee, "the granting or denying of a new trial lies largely in the discretion of the trial judge." *Mize v. Skeen*, 468 S.W.2d 733, 736 (Tenn. App. 1971) (citing *Gardner v. Burke*, 28 Tenn. App. 119, 187 S.W.2d 25 (1944)). A trial court is given "wide latitude" in its disposition of a motion for new trial. The appellate court will not overturn such a decision unless there has been an abuse of discretion. *Loeffler v. Kjellgren*, 884 S.W.2d 463, 468 (Tenn. App. 1994) (citing *Mize v. Skeen*, 468 S.W.2d 733, 736 (1971); *Tennessee Asphalt Co. v. Purcell Enter, Inc.*, 631 S.W.2d 439, 442 (Tenn. App. 1982)). In this case, Appellant has not demonstrated that the trial court abused its discretion in denying Kennon's motion for a new trial. The evidence in the record supports the proposition that the SRRA is valid. While Kennon may disagree with the valuation of the stock contained in the agreement, the SRRA is enforceable. The decision of the trial court is affirmed on this issue.

The Appellant next argues that the Chancellor erred in awarding attorney's fees to K-Testing because no statutory provision or a contractual agreement allowing such an award applied in this case.

K-Testing maintains that an award of attorney's fees in this situation was proper because the "fees and expenses incurred in this action were occasioned by the actions of the Defendant which were without any basis in fact or law, and the defenses asserted were baseless and frivolous." After reviewing the record, we find that K-Testing's request for attorney's fees was not based upon any statute or provision in the SRRA. K-Testing relied instead upon assertions that Kennon had acted wrongfully in refusing to turn over the stock according to the agreement. On appeal, K-Testing argues that Kennon is guilty of conduct that would justify an award of fees under either Rule 11 of the Tennessee Rules of Civil Procedure or under "recognized grounds of equity." However, K-Testing based its original request on neither Rule 11 nor equitable grounds.

Tennessee recognizes the American rule of legal fees, which requires litigants to pay their own fees, with few exceptions. *Morrow v. Bobbitt*, 943 S.W.2d 384, 392 (Tenn. App. 1996) (citing *Howard G. Lewis Const. Co., Inc. v. Lee*, 830 S.W.2d 60, 64 (Tenn. App. 1991)). One exception is that "attorney's fees may be recovered by a prevailing party when attorney's fees are provided for by statute or by contract between the parties, . . ." *Cookville Gynecology & Obstetrics, P.C. v. Southeastern Data Sys., Inc.*, 884 S.W.2d 458, 463 (Tenn. App. 1994) (citing *Goings v. Aetna Cas. & Sur. Co.*, 491 S.W.2d 847 (Tenn. App. 1972). Where there are sufficient grounds for such awards, a trial court has wide discretion in its decision to award attorneys fees. *Garfinkel v. Garfinkel*, 945 S.W.2d 744, 748 (Tenn. App. 1996). Generally, however, "[i]n the absence of a statutory provision or a contractual agreement between the parties, attorney fees, incurred by a litigant, are not a proper element of damages." *Morrow*, at 392 (citing *John J. Heirigs Const. Co., Inc. v. Exide*, 709 S.W.2d 604, 609 (Tenn. App. 1986); *Goings v. Aetna Cas. & Sur. Co.*, 491 S.W.2d 847, 848 (Tenn. App. 1972)). The record in this case contains no basis for an award of attorney's fees. The award of attorney's fees is reversed.

3

The decision of the trial court is affirmed in part and reversed in part, consistent with this Opinion. Costs are taxed equally against the parties, for which execution may issue, if necessary.

_____
                                **HOLLY KIRBY LILLARD, J.**

**CONCUR:**

_____
**W. FRANK CRAWFORD, P. J., W.S.**

_____
**ALAN E. HIGHERS, J.**