IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
February 5, 2010 Session

## MARY JANE BRIDGEWATER v. ROBERT S. ADAMCZYK ET AL.

**Appeal from the Chancery Court for Smith County**
**No. 6776      C. K. Smith, Chancellor**

**No. M2009-01582-COA-R3-CV - Filed April 20, 2010**

### OPINION DENYING PETITION TO REHEAR

FRANK G. CLEMENT, JR., J., delivered the opinion of the court, in which PATRICIA J. COTTRELL, P.J., M.S., and ANDY D. BENNETT, J., joined.

The appellee, Mary Jane Bridgewater, has filed a Petition to Rehear pursuant to Tenn. R. App. P. 39. In her petition to rehear, she asserts the court incorrectly stated a material fact and misapprehended a material fact or proposition of law. The issue raised in the petition pertains to Ms. Bridgewater's Affidavit of Heirship, filed in support of her motion for summary judgment, and whether all of the material facts stated therein are admissible. In our opinion we held that some of the material facts were not admissible and for that reason we reversed the trial court's grant of summary judgment in her favor and remanded the matter for further proceedings. In this opinion on her petition to rehear, we reaffirm and supplement our prior opinion in this matter as follows.

Ms. Bridgewater insists that all of the facts stated in her affidavit are either based upon her personal knowledge, and thus are admissible, or they are admissible under Tenn. R. Evid. 803(19) as exceptions to the hearsay rule because the facts pertain to her family history. We have determined, however, that some of the material facts stated in her affidavit occurred long before her birth, therefore, she could not have personal knowledge of those facts, and some of the material facts do not come within the purview of Rule 803(19), thus, they are not admissible as an exception to the hearsay rule.

As Ms. Bridgewater correctly asserts, Rule 803 provides the following "family history" exception to the hearsay rule:

Reputation Concerning Personal or Family History. — Reputation among members of a person's family by blood, adoption, or marriage or among associates or in the community concerning a person's birth, adoption, marriage, divorce, death, legitimacy, relationship by blood, adoption, or marriage, ancestry, or other similar fact of personal or family history.

Tenn. R. Evid. 803(19). Accordingly, testimony regarding one's family history, one's pedigree, is not excluded by the hearsay rule.[1]

The exception to the hearsay rule in Rule 803(19), however, has limitations, and it only operates under certain situations as this court held in *Brummitt v. Kemp*, 1984 Tenn. App. LEXIS 3304 (Tenn. Ct. App. Nov. 21, 1984).

In Tennessee the pedigree exception operates in four situations: Where the declarant made a statement about his own pedigree, where the relatives of a person make a statement about his pedigree, where the fact is sought to be proved by reputation within the family circle, and where the fact is to be established by community reputation. Paine, *Tennessee Law of Evidence* § 91 (1974).

There are limitations in Tennessee on each type of pedigree testimony. Thus, for a statement by a declarant about his own pedigree to be admissible, the declarant must be unavailable as a witness at the time of the trial. If the declarant is a family member, he must not only be unavailable, but must be related by blood or marriage to the one whose pedigree is in question. If the declarant seeks to testify to family reputation that reputation must have been formed before a motive to misrepresent arose. Paine, *Tennessee Law of Evidence* § 91 (1974). And if the testimony is of community reputation, it is

---

[1]The Advisory Commission Comment to Rule 803(19) states: "The rule admits reputation to prove pedigree, and that is the common law and Tennessee position. To introduce an individual's declaration to prove pedigree, *see* Rule 804(b)(4)." Rule 804(b) provides:

A statement made before the controversy arose (A) concerning declarant's own birth, adoption, marriage, divorce, or legitimacy; relationship by blood, adoption, or marriage; ancestry; or other similar fact of personal or family history; even though the declarant had no means of acquiring personal knowledge of the matter asserted; or (B) concerning the foregoing matters, and death also, of another person if the declarant was related to the other by blood, adoption, or marriage or was so intimately associated with the other's family as to be likely to have accurate information concerning the matter declared.

-2-

entitled to less weight than statements of or reputation among family members. *Carter v. Montgomery*, 2 Tenn. Ch. Rpts. 216 (1875).

*Brummitt*, 1984 Tenn. App. LEXIS 3304, at *4.

The opinion goes on to note that "[f]acts that can be established by direct evidence such as place of birth, death, or residence cannot be proved by hearsay." *Id*. at *4-5 (citing *Carter v. Montgomery*, 2 Tenn. Ch. Rpts. 216 (1975)). "Under this exclusion courts have also held that the existence of specific physical characteristics such as the color of skin or eyes, or the presence of an injury or identifying marks cannot be proved by hearsay." *Id*. at *5 (citing *Gardner v. Burke*, 187 S.W.2d 25 (Tenn. Ct. App. 1944); *Carter v. Montgomery*, 2 Tenn. Ch. Rpts. 216 (1875); *Plunkett v. Simmons*, 63 S.W. 2d 313 (Tex. Civ. App. 1933)).

Ms. Bridgewater testified in her affidavit, *inter alia*, that Ed Miller was her great-grandfather and that he died *intestate* in 1907. Whether he died intestate in 1907 is not germane to her pedigree, and it appears that this fact can be established by direct evidence. Accordingly, this statement is not admissible under the Rule 803(19) exception to the hearsay rule. Moreover, as she admits, he died long before her birth; thus, she does not have personal knowledge of that fact, her testimony to the contrary notwithstanding.

As we stated in our opinion in this matter, affidavits of heirship are governed by Tennessee Code Annotated § 30-2-712 and are "[a]ffidavits *duly sworn* to upon the *personal knowledge* of the affiant . . . setting forth any fact or facts concerning the relationship of any parties to persons deceased, or containing a statement of any facts pertinent to be ascertained in determining the persons legally entitled to any part of the decedent." Tenn. Code Ann. § 30-2-712(a) (emphasis added). Tennessee Rule of Civil Procedure 56.06 requires that affidavits filed in support of motions for summary judgment "shall be made on *personal knowledge*, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Tenn. R. Civ. P. 56.06 (emphasis added). "Personal knowledge" is defined as "knowledge gained through firsthand observation or experience, as distinguished from belief based on what someone else has said." *Black's Law Dictionary* 703 (7th ed. 2000).

While we have no doubt Ms. Bridgewater verily believes her great-grandfather died intestate in 1907, and she may be able to prove this fact by other means, including direct evidence, her statement that Ed Miller died intestate is hearsay and it does not come within the hearsay exception in Rule 803(19). It is, therefore, not admissible, at least not based upon the brevity of facts stated in her Affidavit of Heirship in this record.

We have not held that Ms. Bridgewater cannot prove each and every fact stated in her Affidavit of Heirship, nor do we hold that all of the facts stated in her affidavit regarding her family history are excluded by the hearsay rule. To the contrary, much of what is stated in her Affidavit of Heirship would be admissible, as Ms. Bridgewater correctly argues; nevertheless, the verity of the facts in her Affidavit of Heirship has been challenged by the Adamczyks pursuant to Tennessee Code Annotated § 30-2-712(e)(1). The statute provides that a person feeling aggrieved by the recording of an affidavit of heirship may challenge the verity of any or all of the facts stated in the affidavit.[2] Further, it provides that in any proceeding challenging the truthfulness of any fact stated in an affidavit of heirship, "the burden of proof to show the truthfulness of the statement shall rest upon the [affiant], . . ." Tenn. Code Ann. § 30-2-712(e)(1). Thus, the burden is upon Ms. Bridgewater to prove the truthfulness of any fact stated in her Affidavit of Heirship.

Accordingly, the Petition for Rehearing is respectfully denied and we reaffirm and supplement our prior opinion as stated herein.

Costs pertaining to this petition are assessed against Mary Jane Bridgewater.

_____
FRANK G. CLEMENT, JR., JUDGE

---

[2]"Any person feeling aggrieved by the recording of any such affidavit, may, at any time within six (6) years of the recording of the affidavit, bring a suit in the chancery court of the county where the affidavit may be recorded, challenging the verity of any or all of the facts that may be stated in the affidavit, . . ." Tenn. Code Ann. § 30-2-712(e)(1).