IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs July 9, 2014

BARRY L. PRICE v. STATE OF TENNESSEE

Direct Appeal from the Circuit Court for Madison County
Nos. 89-955, 90-141, 90-494, 90-495, 90-496      Roy B. Morgan, Judge

No. W2013-02547-CCA-R3-ECN - Filed September 5, 2014

The petitioner, Barry L. Price, appeals the denial of his petition for the writ of error coram nobis. In 1991, the petitioner pled guilty to three counts of the sale of cocaine, one count of driving on a revoked license, and one count of obtaining money by false pretenses. Adopting the State's recommendation, the trial court imposed an effective ten-year sentence. In 2013, the petitioner filed a petition for the writ of error coram nobis alleging that his sentence was unlawfully imposed because the trial court did not engage in the appropriate sentencing colloquy or make appropriate sentencing findings. The coram nobis court denied the petition finding that it was time-barred and failed to raise issues cognizable in a coram nobis petition. The petitioner contends that the denial was error. Following review of the record and applicable law, we affirm the judgment of the coram nobis court.

Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which JERRY L. SMITH and CAMILLE R. MCMULLEN, JJ., joined.

Joseph T. Howell, Jackson, Tennessee, for the appellant, Barry L. Price.

Robert E. Cooper, Jr., Attorney General and Reporter; Jeffrey D. Zentner, Assistant Attorney General; James G. Woodall, District Attorney General; and Al Earls, Assistant District Attorney General, for the appellee, State of Tennessee.

OPINION

## Procedural History

On March 25, 1991, the petitioner pled guilty to multiple charges in three separate cases. He was sentenced to an effective sentence of ten years in the Department of Correction. At the guilty plea hearing, the court reviewed what offenses the petitioner was charged with, their classification, and possible sentencing ranges. Upon ascertaining that the petitioner wished to plead guilty, the court reviewed all the constitutional rights which the petitioner would be waiving by entering the plea. The petitioner responded that he understood the consequences of the plea and the possible sentencing ranges. With regard to the petitioner's constitutional rights, the trial court specifically stated on the record:

> THE COURT: Do you understand if you plead guilty, you give up the following rights: The right to remain silent, not to make any statement that might incriminate you; the right to plead not guilty; the right to a trial by a jury, the trial will be speedy and public; the right to bring any witnesses you might have in court to testify for you; the right to require the State to prove your guilt beyond a reasonable doubt; and to appeal your conviction for these offenses.

The petitioner stated that he understood.

The court then stated:

> THE COURT: You understand that this plea becomes a permanent part of your record and can be considered in fixing your punishment in any future charges that you might be convicted of?
>
> THE [PETITIONER]: Yes, sir.
>
> THE COURT: You realize that any prior criminal record you have can be considered in setting your punishment right now?
>
> THE [PETITIONER]: Yes, sir.
>
> THE COURT: You understand I will fix your punishment on your plea of guilty, and you may not withdraw your plea if I fail to accept the plea agreement made between the District Attorney and your lawyer. I will consider it. Do you?
>
> THE [PETITIONER]: Yes, sir.

THE COURT:  You realize that a guilty plea will not be accepted unless you're admitting every act of the offense which you are charged with.

THE [PETITIONER]:  Yes, sir.

THE COURT:  Ain't nobody pressured you?

THE [PETITIONER]:  No, sir.

THE COUIRT:  Are you entering this plea of your own free will?

[THE PETITIONER]:  Yes, sir, to get the charges out of the way.  Like on one charge I want to go ahead and take it to trial, but just to get all this out of the way and keep me from coming back, I just - - I'll do it, too.

THE COURT:  Well, let me say this to you . . . .  We have what's known as a best interest plea, and if you feel it's in your best interest to do what you're doing, well we'll  - - is that what you mean?

THE [PETITIONER]:  Yes, sir.

THE COURT:  All right.  Are you entering this plea of your own free will.

THE [PETITIONER]:  Yes, sir.

THE COURT:  Do you want to ask me any questions?

THE [PETITIONER]:  This will be run concurrent with the time.

THE COURT:  What we're doing now is I'm explaining this, and he's fixing to tell you what his recommendation will be, and when he tells you that, I'll ask you if that's what you understood the recommendation to be, we'll talk then.  You understand me?  We haven't got to the recommendation.  We've got what you could get, not what you - - That's what we're going through now.  See, I'm asking you if you understand what you're facing.

THE [PETITIONER]:  Yes, sir.

> . . . .

THE COURT:  Are you guilty as charged in the indictment?

THE [PETITIONER]:  Yes, sir.

THE COURT:  Do you feel [trial counsel] has fully explained what the charge is, what the penalty you face and what affect a plea of guilty will have on you? That's what the recommendation's gonna be?

THE [PETITIONER]:  Yes, sir.

THE COURT:  All right.  Are you satisfied with [trial counsel]?

THE [PETITIONER]:  Yes, sir.

. . . .

THE COURT:  - - And if you don't understand what you're doing, we can just send you back downstairs and [trial counsel] will talk to you later, and then in a week or two we'll come back if you want to.  I'm not in any way trying to whatever, but I just want you to understand.  You follow me?

THE [PETITIONER]:  Yes, sir.

THE COURT:  All right.  What are the facts, General?

[THE STATE]:  Your Honor, I just want to make sure [the petitioner] understands.  There's three separate cases for sale of cocaine and another case involving obtaining money by false pretense and another case involving driving on a revoked.  If I understand, he's pleading guilty to all those?
     Is that correct . . . ?

THE [PETITIONER]:  Yes, sir.

[THE STATE]: [recitation of the facts by the State]

. . . .

THE COURT:  All right, now, is that true?

THE [PETITIONER]:  Yes, sir.

-4-

THE COURT: All right. I find your decision to plead guilty has been intelligently made and you've had the advice of [trial counsel], a competent lawyer with whom you say you are satisfied.

What about sentencing?

[THE STATE]: Your Honor, in Case Number 89-955, upon [the petitioner's] plea of guilty to obtaining money by false pretense, a Class E felony, we'd recommend a sentence of 2 years as a Range I Standard Offender to the Department of Corrections.

On the case of driving on a revoked license, Case Number 90-141-, we'd recommend a sentence of six months to the local workhouse.

On the three cases involving the sale of cocaine, case Number 90-494, 90-495, 90-496, in each of those three cases, we'd recommend a sentence of 10 years as a Range I Standard Offender to the Department of Correction.

Your Honor, we'd further recommend that all these sentences run concurrently and that [the petitioner] will be placed in the Community Corrections program after he has served a total of nine months in the local workhouse. Your Honor, he's presently serving a sentence. I believe he was on probation at the time, and his probation has been revoked, so he's currently serving that in the Department of Corrections. So our agreement is that as of this date, these sentences will run concurrently as possible and that he will be given credit beginning today on his nine months to serve in the local workhouse.

THE COURT: All right. Is that what you understand the recommendation to be?

THE [PETITIONER] Yes, sir.

THE COURT: [Trial Counsel]?

[TRIAL COUNSEL]: Yes, Your Honor.

THE COURT: All right. I accept the recommendation. You're now sentenced.

The next action in the case appears to have occurred in 2007 when the petitioner filed a petition for post-conviction alleging ineffective assistance of counsel and an involuntary entry of guilty plea. The petition was dismissed by written order of the post-conviction court on November 5, 2007. The petitioner filed a motion for reconsideration. On November 16, 2007, the court denied the petitioner's motion for reconsideration, and the petitioner filed a timely notice of appeal challenging the dismissal of his petition for post-conviction relief. This court affirmed the dismissal of the petition after review. *Barry L. Price v. State*, No. W2007-02639-CCA-R3-PC, 2008 Tenn. Crim. App. LEXIS 704, *1 (Tenn. Crim. App. 2008).

Several years later, on September 26, 2013, the petitioner filed the instant petition for writ of error coram nobis. In the petition, he alleged that his sentence was unlawfully imposed because the trial court failed to engage in the appropriate sentencing colloquy and failed to make the appropriate sentencing findings of fact. He argued that the sentence was obtained in violation of the fifth, sixth, and fourteenth amendments to the United States Constitution. Specifically, the petitioner contended that there were "no oral pronouncements and or announcements of the sentence by the sentencing judge."

The State filed a motion to dismiss upon grounds that the petition was several years outside the statute of limitations, and the coram nobis court agreed, summarily dismissing the petition on grounds that it was time-barred and that the issues raised were not cognizable in a coram nobis proceeding. The court also noted that the petition could not be properly considered as either a post-conviction petition or a petition for the writ of habeas corpus. Thereafter, the petitioner filed a notice for reconsideration with the court, but the court reaffirmed its earlier ruling dismissing the petition. The petitioner has now timely appealed that dismissal.

**Analysis**

On appeal, the petitioner contends that the coram nobis court erred in dismissing his petition. Specifically, he contends that the statute of limitations has not run because the "sentence was not properly imposed and finalized by the trial court . . . and accordingly, is not an actual judgment." He argues that the trial court's statement that "I accept the recommendation, you are now sentenced," is insufficient to impose an actual sentence. Moreover, the petitioner argues that the trial court, prior to accepting the guilty plea, did not "advise the [p]etitioner of each of his specific constitutional rights, nor was he informed that the sentence could be used to enhance sentences for other, future Federal criminal convictions." Based upon these arguments, the petitioner contends that his "conviction[s] are not valid as they are in strict violation of the due process rights guaranteed him under the United States Constitution." The State disagrees.

-6-

A writ of error coram nobis is an "extraordinary procedural remedy," filling only a "slight gap into which few cases fall." *State v. Mixon*, 983 S.W.2d 661, 672 (Tenn. 1999) (citation omitted). Tennessee Code Annotated section 40-26-105(b) (2010) provides that coram nobis relief is available in criminal cases as follows:

> The relief obtainable by this proceeding shall be confined to errors dehors the record and to matters that were not or could not have been litigated on the trial of the case, on a motion for a new trial, on appeal in the nature of a writ of error, on writ of error, or in a habeas corpus proceeding. Upon a showing by the defendant that the defendant was without fault in failing to present certain evidence at the proper time, a writ of error coram nobis will lie for subsequently or newly discovered evidence relating to matters which were litigated at the trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at the trial.

Our supreme court has stated the standard of review as "whether a reasonable basis exists for concluding that had the evidence been presented at trial, the result of the proceedings might have been different." *State v. Vasques*, 221 S.W.3d 514, 525-28 (Tenn. 2007) (citation omitted).

Coram nobis claims may be based upon any "newly discovered evidence relating to matters litigated at the trial" so long as the petitioner establishes that he or she was "without fault" in failing to present the evidence at the proper time. *Harris v. State*, 102 S.W.3d 587, 592 (Tenn. 2003). Coram nobis claims are "singularly fact-intensive," are not easily resolved on the face of the petition, and often require a hearing. *Id*. at 592-93. The decision to grant or deny coram nobis relief rests within the sound discretion of the trial court. *Vasques*, 221 S.W.3d at 527-28.

A petition for the writ of error coram nobis must relate: (1) the grounds and the nature of the newly discovered evidence; (2) why the admissibility of the newly discovered evidence may have resulted in a different judgment had the evidence been admitted at the previous trial; (3) that the petitioner was without fault in failing to present the newly discovered evidence at the appropriate time; and (4) the relief sought by the petitioner. *Freshwater v. State*, 160 S.W.3d 548, 553 (Tenn. Crim. App. 2004). Newly discovered evidence is evidence that was unknown to the defendant at the time of the proceedings which are the subject of the coram nobis claim. *Wlodarz v. State*, 361 S.W.3d 490, 506 (Tenn. 2012). A narrow exception, however, exists where "'although not newly discovered evidence, in the usual sense of the term,'" the "'availability'" of the evidence "'is newly discovered.'" *Harris v. State*, 301 S.W.3d 141, 160 (Tenn. 2010) (Koch, J., concurring) (quoting *Taylor v. State*, 171 S.W.2d 403, 405 (Tenn. 1943)); *see also David G. Housler, Jr. v. State*, No. M2010-

02183-CCA-R3-PC, 2013 Tenn. Crim. App. LEXIS 787, at **127-28 (Tenn. Crim. App. Sept. 17, 2013). It has been repeatedly held that a coram nobis court is not required to hold an evidentiary hearing when a petition for the writ of error coram nobis fails to meet the necessary prerequisites for granting relief. *Cole v. State*, 589 S.W.2d 941, 941-43 (Tenn. Crim. App. 1979).

Coram nobis claims are subject to a one-year statute of limitations. T.C.A. § 27-7-103. The statute of limitations is computed "from the date the judgment of the trial court becomes final, either thirty days after its entry in the trial court if no post-trial motions are filed or upon entry of an order disposing of a timely filed, post-trial motion." *Harris*, 301 S.W.3d at 144. The issue of whether a claim is barred by an applicable statute of limitations is a question of law, which this court reviews de novo. *Id*. We must construe the coram nobis statute of limitations "consistent with the longstanding rule that persons seeking relief under the writ must exercise due diligence in presenting the claim." *Id*.

The one-year statute of limitations may be tolled on due process grounds if the petitioner seeks relief based upon newly discovered evidence. *Wilson*, 367 S.W.3d at 234. In determining whether tolling is proper, the court must balance the petitioner's interest in having a hearing with the State's interest in preventing a claim that is stale and groundless. *Harris*, 301 S.W.3d at 145 (citing *Workman v. State*, 41 S.W.3d 100, 102 (Tenn. 2001)). Generally, "before a state may terminate a claim for failure to comply with . . . statutes of limitations, due process requires that potential litigants be provided an opportunity for the presentation of claims at a meaningful time and in a meaningful manner." *Burford v. State*, 845 S.W.2d 204, 208 (Tenn. 1992). The *Burford* rule consists of three steps:

(1) determine when the limitations period would normally have begun to run; (2) determine whether the ground for relief actually arose after the limitations period would normally have commenced; and (3) if the grounds are "later-arising," determine if, under the facts of the case, a strict application of the limitations period would effectively deny the petitioner a reasonable opportunity to present the claim.

*Sands v. State*, 903 S.W.2d 297, 301 (Tenn. 1995).

Again, the coram nobis court denied relief to the petitioner upon statute of limitations grounds and that the claim was not cognizable in an error coram nobis proceeding. We agree with both conclusions.

In this case, there is no question that the petition was filed outside the applicable one-year statute of limitations if the judgments were valid and became final thirty days after their

entry in the trial court or thirty days after the denial of a post-trial motion. The petitioner contends, however, that because of the complained errors in the court's sentencing findings, no actual judgment resulted. Thus, he contends that the statute has yet to begin running. We are unable to give credence to the petitioner's argument. He puts forth no authority, and we are unaware of any, supporting his contention that the judgments as entered were not in fact valid judgments of conviction. The State clearly stated the recommended sentence, and the court adopted it. Thus, the record established a clearly imposed valid sentence.

Again, discounting the petitioner's non-meritorious claim, the record establishes that the petition was filed twenty-two years after the judgments became final in the case. Moreover, it is clear that the grounds were not "later-arising." The petitioner was present at the sentencing hearing when the alleged errors were committed. Thus, even if the petitioner's argument was correct and the findings were insufficient, his grounds for relief arose at the sentencing hearing, and he should have been aware of them. The petitioner offers no explanation as to why he waited over twenty years to raise these claims. For these reasons, we must conclude that the coram nobis court correctly determined that no viable reason existed to excuse the late filing.

We likewise agree with the coram nobis court that, even if the statute of limitations was waived in this case, the petitioner's claim would fail. The claim that a sentencing court improperly made sentencing finding on the record is not a claim cognizable in a coram nobis petition. As pointed out above, this does not meet the definition of "newly discovered" evidence, as the petitioner was present at the hearing and aware of what was said. As cited by the State, "[a] fresh understanding of the law following buyer's remorse over a guilty plea does not constitute "newly discovered" evidence. *See Timothy L. Jefferson v. State*, No. M2011-01653-CCA-R3-CO, 2012 Tenn. Crim. App. LEXIS 359, *6(Tenn. Crim. App. May 31, 2012), *perm. app. denied* (Tenn. Aug. 16, 2012); *Philander Butler v. State*, No. W2012-01512-CCA-R3-CO, 2013 Tenn. Crim App. LEXIS 293, *15 (Tenn. Crim. App. Mar. 28, 2012), *no app. filed*. The court noted that irregularities or errors in the sentencing do not give rise to coram nobis relief. *Id*.

The State was clear in its recitation of the recommended sentence, and the trial court accepted that recommendation only after ensuring that the petitioner understood the terms and conditions.

Moreover, we must point out that, in his brief, the petitioner makes claims which are not supported by the record before us. He specifically contends that his constitutional rights were not discussed at the plea hearing, nor was the fact that the sentence could later be used to enhance subsequent sentences. As evidenced above in our quotation of the guilty plea hearing above, the trial court specifically covered and discussed those topics, and the

petitioner affirmatively indicated his understanding of them. A reading of the transcript belies this argument in total.

Finally, we also agree with the trial court that the petition filed in this case can not be treated either as a petition for habeas corpus or for post-conviction relief. With regard to habeas relief, the petitioner makes no claim that the trial court lacked jurisdiction to sentence him, only that it was not done properly. Additionally, this was a ten-year sentence imposed in 1991. The petitioner is no longer even confined pursuant to the challenged sentence. With regard to post-conviction relief, the petitioner earlier filed a post-conviction petition and failed to raise this issue therein. He is not well outside the post-conviction statute of limitations, and a defendant is entitled to only one timely filed petition for post-conviction relief. T.C.A. § 40-30-102. As such, we can not conclude that the petitioner is entitled to relief.

**CONCLUSION**

Based upon the foregoing, the denial of the petition for writ of error coram nobis is affirmed.

_____

JOHN EVERETT WILLIAMS, JUDGE