**Frank E. ROBERTS, Appellant,**

v.

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee.

March 20, 1979.

Larry R. Dillow, Kingsport, for appellant.

William M. Leech, Jr., Atty. Gen.; William P. Sizer, Asst. Atty. Gen., Nashville, R. Jerry Beck, Asst. Dist. Atty. Gen., Blountville, for appellee.

BYERS, Judge.

## OPINION

The appellant was placed on probation after pleading guilty to burglary and receiving a sentence of three (3) years. Appellant challenges the ruling of the trial court revoking his probation.

The judgment is affirmed.

The basis of the revocation was the conduct of the appellant which led to his arrest on a charge of driving while intoxicated and on a charge of burglary which was later reduced to a charge of attempting to commit a felony.

The evidence at the revocation hearing shows the appellant, along with another man, was seen in the vicinity of a jewelry store on Broad Street in Kingsport at approximately 1:30 a. m.

A witness saw the appellant approach the store, look closely at the windows, return to a vehicle he was driving, remove something therefrom and return to the front of the store. The witness drove down the street, turned and came back, saw appellant's vehicle driving away and heard the sounding of a burglar alarm.

Officers were given the description of the vehicle and the driver and subsequently stopped the described vehicle which was being driven by the appellant.

The officers observed the vehicle weaving erratically prior to stopping it. The appellant was unsteady on his feet and smelled as if he had been drinking. The appellant refused a blood test and breathalyzer test which would have determined Appellant's sobriety or intoxication.

Another officer, who went to the jewelry store while the arrest was in progress, observed a window had been broken therefrom.

On this evidence, the trial judge found the appellant had violated the terms of his probation by driving while intoxicated and attempting to break into the jewelry store.

■ The evidence clearly supports their finding and such finding has the weight of a jury verdict and will not be overturned unless the evidence preponderates against the finding. *Raper v. State*, 3 Tenn.Cr.App. 406, 462 S.W.2d 261 (1970).

The appellant mounts his most serious attack upon the judgment by arguing he should not have been tried on the revocation warrant until after he had been tried on the charges of driving while intoxicated and attempt to commit a felony because he would forfeit his Fifth Amendment right if he were required to testify at the revocation hearing concerning these two offenses.

■ The appellant candidly and correctly concedes the law of this state has been decided adverse to his Fifth Amendment claim. In the case of *Barker v. State*, 483 S.W.2d 586 (Tenn.Cr.App.1972), *Barker* represents the prevailing law of this state and the contentions of the appellant are not sufficiently persuasive to require a departure therefrom.

As a practical matter, there is nothing to be gained by adopting the view expounded by the appellant. The dilemma which he insists on creates a classic chicken and egg argument.

As pointed out by the trial judge at the revocation hearing, the appellant, if the motion to continue the revocation hearing until disposition of the other charges had been granted, could insist the trial on the offense pending against him should wait until a completion of the probation revocation hearing.

■ Beyond this, even if the appellant were acquitted on the driving while intoxicated charges and on the charge of attempting to commit a felony, this would not bar a revocation of his probation on the actions evident in the record. Although the evidence in a trial may not rise to the level of proof beyond a reasonable doubt in order to sustain a conviction, the acts on which the prosecution was based will sustain a revocation of probation where the level of proof need not show the violation of the terms of probation beyond a reasonable doubt. *See Raper v. State, supra.* In is sufficient if the proof allows the trial judge to make a conscientious and intelligent judgment. *Barker v. State, supra.* Certainly this is present in this case.

DWYER and TATUM, JJ., concur.