# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs May 9, 2012

## STATE OF TENNESSEE v. DONTREL D. PITTMAN

**Appeal from the Circuit Court for Montgomery County**
**Nos. 40700678, 40700679, 40800891, 40801024, and 40900235**
**John H. Gasaway, III, Judge**

---

### No. M2011-00877-CCA-R3-CD - Filed May 22, 2012

---

The defendant, Dontrel D. Pittman, appeals the Montgomery County Circuit Court's order revoking his 12-year community corrections sentence and ordering service of the sentence in the custody of the Department of Corrections. He argues that no substantial evidence supports the trial court's order and that the sentence imposed is excessive. Discerning no error, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3; Judgments of the Circuit Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which JOHN EVERETT WILLIAMS and JEFFREY S. BIVINS, JJ., joined.

Mark R. Olson, Clarksville, Tennessee, for the appellant, Dontrel D. Pittman.

Robert E. Cooper, Jr., Attorney General and Reporter; Brent C. Cherry, Assistant Attorney General; John Wesley Carney, Jr., District Attorney General; and John E. Finklea, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

On October 2, 2008, the defendant pleaded guilty pursuant to a plea agreement as follows:

| No. 40700678 | possession with intent to sell cocaine | 8 years |
|---|---|---|
| | criminal impersonation | 158 days/time served |

| No. 40700679 | felony reckless endangerment | 2 years |
|---|---|---|
| | possession of marijuana | 165 days/time served |
| | evading arrest | 165 days/time served |
| No. 40800891 | possession with intent to sell cocaine | 8 years |
| No. 40801024 | felony failure to appear | 2 years |

Pursuant to the agreement, the trial court imposed concurrent sentences for a total effective sentence of eight years and ordered the effective sentence to be served on community corrections supervision.

Only 13 days later, on October 15, 2008, the defendant's first revocation warrant issued alleging the defendant's new arrest for unlawful possession of drug paraphernalia on October 11, 2008, a curfew violation stemming from that arrest, and the defendant's failure to perform community service hours. On January 14, 2009, an amended violation warrant issued alleging the defendant's failure to report, failure to submit to drug screens, and additional curfew violations. On February 19, 2009, an "absconder warrant" issued alleging that the defendant had absconded from supervision by failing to report for over a month. On March 12, 2009, a second amended violation warrant issued alleging that the defendant had been arrested on February 19, 2009, for first degree murder and attempted first degree murder in case number 40900235. On May 25, 2010, the defendant waived a hearing on the revocation charges and admitted the violations in conjunction with his best interest plea to facilitation of second degree murder in case number 40900235. Pursuant to the plea agreement in case number 40900235, the trial court sentenced the defendant to 12 years to be served concurrently with the previously-imposed effective sentence of 8 years, for a new total effective sentence of 12 years, and returned the defendant to community corrections supervision for all the sentences.

On July 9, 2010, a new violation warrant issued alleging that the defendant tested positive for cocaine on June 2 and June 9, 2010, committed five curfew violations between June 1 and July 5, 2010, failed to provide employment verification, failed to perform community service, failed to pay court costs or supervision fees, and failed to provide a DNA sample as required by the terms of his sentence and supervision. On July 26, 2010, an amended violation warrant issued alleging the defendant's new arrest on July 21, 2010, for possession of cocaine for resale and a related curfew violation. Yet again, on November 4, 2010, a second amended violation warrant issued alleging the defendant's new arrest for aggravated assault and aggravated burglary in Davidson County, which also served as a violation of the terms of his supervision because the defendant left the county without

permission.

At the February 4, 2011 revocation hearing, Courtney Mason, an officer with the community corrections program, testified concerning the defendant's prolific supervision violations as alleged in the violation warrant and amendments. Ms. Mason testified that the defendant failed to perform any community service, failed to provide verification of his employment, was not home in violation of curfew on five separate occasions when she made unannounced visits to his home, and tested positive for cocaine use on two occasions. She also said that the defendant garnered new arrests for possession of cocaine, aggravated assault, and aggravated burglary. Ms. Mason testified that the defendant failed to report at all from July 22 through November 18, despite his knowing that his supervision conditions required him to report twice weekly.

On cross-examination, Ms. Mason acknowledged that most of the defendant's curfew violations occurred within an hour of the required time for the defendant to be home. She also testified that the defendant's subsequent drug screens were negative. She recalled speaking with the defendant's purported employer on the telephone, but she said that the individual never provided any written verification of the defendant's employment as she had requested. Regarding the defendant's failure to report, she testified that reporting should occur "face to face" and that telephone calls were insufficient to satisfy the reporting condition. Ms. Mason stated that the defendant was not "obstinate or difficult" but opined that "just a lot of issues" impeded the defendant's successful completion of the requirements of his community corrections supervision.

With this proof, the trial court found by a preponderance of the evidence that the defendant failed to perform "public service work," violated curfew, used cocaine, and left the county without permission. In consideration of the defendant's "history of noncompliance" and its belief that there was "no likelihood that the defendant will comply," the trial court revoked the defendant's community corrections sentences and ordered service of the remaining portion of the originally-imposed 12 year sentence in prison.

On appeal, the defendant argues that the record contains "no substantial evidence" to support the trial court's finding that the defendant violated the terms of his release. He also contends that the case should be remanded for a sentencing hearing based upon the trial court's "failure to find sufficient facts upon which the application of sentencing principles could be applied" and "to determine whether the community corrections sentence was terminated, or if in fact a new sentence was imposed." The State responds that the trial court committed no abuse of discretion in revoking the community corrections sentences and that a new sentencing hearing is not necessary when, as in this case, the original sentence is imposed following the revocation and the trial court did not impose a more onerous sentence.

Following our review, we agree with the State.

The decision to revoke a community corrections sentence rests within the sound discretion of the trial court. *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991). "In order for a reviewing court to be warranted in finding an abuse of discretion in a probation revocation case, it must be established that the record contains no substantial evidence to support the conclusion of the trial judge that a violation of the conditions of probation has occurred." *Harkins*, 811 S.W.2d at 82 (citing *State v. Grear*, 568 S.W.2d 285, 286 (Tenn. 1978); *State v. Delp*, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980)).[1] Generally, "[a] trial court abuses its discretion when it applies incorrect legal standards, reaches an illogical conclusion, bases its ruling on a clearly erroneous assessment of the proof, or applies reasoning that causes an injustice to the complaining party." *State v. Phelps*, 329 S.W.3d 436, 443 (Tenn. 2010). The trial court is required only to find that the violation of probation or community corrections occurred by a preponderance of the evidence. *See* T.C.A. § 40-35-311(e) (2006); *see also id.* § 40-36-106(e)(3)(B).

The record reflects that the trial court did not abuse its discretion in determining that a violation occurred. "Only one basis for revocation is necessary." *State v. Alonzo Chatman*, E2000-03123-CCA-R3-CD, slip op. at 3 (Tenn. Crim. App., Knoxville, Oct. 5, 2001). Here, the defendant violated the terms of his community corrections sentence in myriad ways including testing positive for cocaine use, violating curfew, and garnering new arrests. The record contains ample evidence of the defendant's failure to comply with the

---

[1] In *Harkins,* our supreme court applied the "no substantial evidence" language from *Grear* to review the trial court's revocation of Harkins' community corrections sentence despite the fact that *Grear* did not involve review of the revocation of probation. Instead, at issue in *Grear* was the trial court's denial of probation. *Grear*, 568 S.W.2d at 285 ("The issue presented in this criminal case is whether the Court of Criminal Appeals erred in reversing the action of the trial court in denying the respondent's application for a suspended sentence."). Moreover, the statute governing probation revocation in effect at the time of both *Harkins* and *Grear* contained no specific burden of proof to be met before the trial court could revoke probation. *See* T.C.A. § 40-21-106 (1982). In the absence of a statutorily-specified burden of proof, our courts concluded that "[t]he proof of a violation of the terms of probation need not be beyond a reasonable doubt but is sufficient if it allows the trial court to make a conscientious and intelligent judgment." *State v. Milton*, 673 S.W.2d 555, 557 (Tenn. Crim. App. 1984) (citing *Roberts v. State*, 584 S.W.2d 242, 243 (Tenn. Crim. App. 1979)). The 1989 Sentencing Act, however, added a burden of proof for revocation cases: "If the trial judge finds that the defendant has violated the conditions of probation and suspension by a preponderance of the evidence, the trial judge shall have the right by order duly entered upon the minutes of the court to revoke the probation and suspension of sentence. . . ." T.C.A. § 40-35-311(e)(1). Given the inapt citation of *Grear* and the addition of a burden of proof in the 1989 Act, we question whether the "no substantial evidence" language of *Harkins* remains applicable to the determination whether the trial court abused its discretion when revoking probation.

terms of his supervision; therefore, we discern no arbitrary action in the trial court's determination.

Moreover, if the evidence is sufficient to show a violation of the terms of supervision, the trial court may, within its discretionary authority, revoke the community corrections sentence and require the defendant to serve his sentence in confinement "less any time actually served in any community-based alternative to incarceration." T.C.A. § 40-36-106(e)(4). Furthermore, when the trial court does not alter "the length, terms or conditions of the sentence imposed," T.C.A. § 40-36-106(e)(2), the court is not required to hold a sentencing hearing, s*ee, e.g.*, *State v. Samuels*, 44 S.W.3d 489, 493 (Tenn. 2001) (observing that the trial court must conduct a sentencing hearing before imposing "a new sentence" following a community corrections revocation). Here, the record clearly established that the trial court determined that the defendant should serve the originally-entered effective 12 year sentence in confinement, with appropriate credit for time already served. The trial court did not impose a "new sentence," so the court was not obliged to conduct a sentencing hearing. Also, the defendant agreed to the effective 12-year term pursuant to his plea agreement and cannot now argue that the lengths of sentences are excessive.

Accordingly, we affirm the judgments of the trial court.

_____
JAMES CURWOOD WITT, JR., JUDGE