IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 9, 2012

## STATE OF TENNESSEE v. TERRY MAURICE THOMAS

**Appeal from the Criminal Court for Davidson County**
**No. 2008B1987      Steve Dozier, Judge**

_____

**No. M2011-01846-CCA-R3-CD - Filed May 22, 2012**

_____

The defendant, Terry Maurice Thomas, appeals from the revocation of his community corrections sentence, claiming that the trial court erred by ordering that he serve the balance of his sentence in confinement. Discerning no error, we affirm.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which JOHN EVERETT WILLIAMS and JEFFREY S. BIVINS, JJ., joined.

Emma Rae Tennent (on appeal) and Richard Strong (at hearing), Assistant District Public Defenders, for the appellant, Terry Maurice Thomas.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel Harmon, Assistant Attorney General; Victor S. Johnson III, District Attorney General; and Rachel Sobrero, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

Originally charged with possession in a school zone of .5 grams or more of cocaine with intent to sell or deliver, *see* T.C.A. § 39-17-417(a)(4), (c)(1), -432(b)(1) (2006); possession of drug paraphernalia, *see id.* § 39-17-425(a)(1); possession of a weapon during the commission of a dangerous felony, *see id.* § 39-17-1324(a), (i); carrying a knife with a blade exceeding four inches with the intent to go armed, *see id.* § 39-17-1307(a)(1); and driving with a suspended driver's license, *see id.* § 55-50-504(a)(1), the defendant entered pleas of guilty on April 22, 2009, to possession of .5 grams or more of cocaine with intent to sell or deliver and possession of a weapon during the commission of a felony. Pursuant to the defendant's agreement with the State, the trial court imposed a total effective sentence

of 20 years to be served on community corrections. On April 28, 2011, a violation warrant issued, alleging that the defendant violated the terms of his community corrections placement by testing positive for the use of cocaine.

At the revocation hearing, the defendant's community corrections officer, April Story, testified that the defendant tested positive for cocaine use on April 4, 2011. She said that no one told the defendant he had failed the drug screen until the violation warrant was served on him on May 2, 2011. Ms. Story said that the defendant did not request additional testing following the positive result. Ms. Story conceded that other than the failed drug screen and his sporadic attendance at drug treatment classes, the defendant was in compliance with the terms of his community corrections placement.

The defendant testified that he was "very surprised by this situation" and adamantly denied using cocaine. He said that he had been working full time as an apprentice electrician and attending classes for "HVAC" certification in the evenings. Upon questioning by the court, the defendant said that two of his friends had used cocaine at his residence, but he had not himself ingested the drug. He said that he "couldn't understand" how he had failed the drug screen because he had not used any drugs since August 3, 2009. The defendant admitted that he was not living with his father as ordered by the trial court following a previous revocation because his father "remarried and he lives off Marion" with his wife. The defendant also admitted that he was not attending Bible college as he had promised the court he intended to do. The defendant acknowledged that he was not regularly attending drug treatment classes, but he explained that he was unable to do so because of his work and school schedule.

At the conclusion of the hearing, the State, noting that the defendant's community corrections sentence had been revoked on a previous occasion, asked the trial court to revoke the community corrections placement and order the defendant to serve the balance of his sentence in confinement. The defendant, acknowledging the one year of incarceration and inpatient drug treatment afforded him upon the previous revocation, asked the trial court to permit him to attend another inpatient drug treatment program rather than ordering him to serve the balance of his sentence in the Department of Correction.

Following the hearing, the trial court took the matter under advisement, and in a later-filed written order, the court revoked the defendant's community corrections placement and ordered that he serve the balance of his sentence in confinement. In its order, the trial court emphasized that the defendant's community corrections sentence had already been revoked on August 27, 2009, and that the defendant had been ordered to spend one year in jail before being reinstated to a community corrections placement. The trial court deemed the defendant's testimony at the revocation hearing not credible. The court acknowledged

the defendant's attempts at rehabilitation while struggling with drug addiction but observed that its "higher duty" was "to protect the health and safety of the citizens of Tennessee." Based upon the defendant's testing positive for the use of cocaine, the trial court revoked his community corrections sentence and, given that this was the defendant's second revocation, ordered that he serve the balance of his sentence in confinement.

In this appeal, the defendant does not argue that the trial court erred by revoking his community corrections placement, but he claims that the court abused its discretion by ordering that he serve the balance of his sentence in confinement. The State asserts that the trial court did not abuse its discretion.

The accepted appellate standard of review of a community corrections revocation is abuse of discretion. *See State v. Harkins*, 811 S.W.2d 79, 82-83 (Tenn. 1991) (applying the probation revocation procedures and principles contained in Tennessee Code Annotated section 40-35-311 to the revocation of a community corrections placement based upon "the similar nature of a community corrections sentence and a sentence of probation"); *State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001) (providing standard of review for probation revocation); *see also State v. Reams*, 265 S.W.3d 423, 430 (Tenn. Crim. App. 2007). Generally, "[a] trial court abuses its discretion when it applies incorrect legal standards, reaches an illogical conclusion, bases its ruling on a clearly erroneous assessment of the proof, or applies reasoning that causes an injustice to the complaining party." *State v. Phelps*, 329 S.W.3d 436, 443 (Tenn. 2010). "In order for a reviewing court to be warranted in finding an abuse of discretion in a probation revocation case, it must be established that the record contains no substantial evidence to support the conclusion of the trial judge that a violation of the conditions of probation has occurred." *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991) (citing *State v. Grear*, 568 S.W.2d 285, 286 (Tenn. 1978); *State v. Delp*, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980)).[1]

---

[1] In *Harkins*, our supreme court applied the "no substantial evidence" language from *Grear* to review the trial court's revocation of Harkins' community corrections sentence despite the fact that *Grear* did not involve review of the revocation of probation. Instead, at issue in *Grear* was the trial court's denial of probation. *Grear*, 568 S.W.2d at 285 ("The issue presented in this criminal case is whether the Court of Criminal Appeals erred in reversing the action of the trial court in denying the respondent's application for a suspended sentence."). Moreover, the statute governing probation revocation in effect at the time of both *Harkins* and *Grear* contained no specific burden of proof to be met before the trial court could revoke probation. *See* T.C.A. § 40-21-106 (1982). In the absence of a statutorily-specified burden of proof, our courts concluded that "[t]he proof of a violation of the terms of probation need not be beyond a reasonable doubt but is sufficient if it allows the trial court to make a conscientious and intelligent judgment." *State v. Milton*, 673 S.W.2d 555, 557 (Tenn. Crim. App. 1984) (citing *Roberts v. State*, 584 S.W.2d 242, 243 (Tenn. Crim. App. 1979)). The 1989 Sentencing Act, however, added a burden of proof for revocation cases: "If the trial judge finds that the defendant has violated the conditions of probation and suspension by a

(continued...)

In this case, the defendant expressed surprise at his testing positive for the use of cocaine, but he did not challenge the test result or ask for further testing. On appeal, he does not assert that the trial court erred by revoking his community corrections placement but instead challenges the trial court's action following that revocation. The record, however, supports the trial court's decision to order the defendant to serve the balance of his sentence in confinement. The failed drug screen that resulted in the revocation at issue was not the defendant's first; indeed, he tested positive for the use of cocaine in 2009. Despite the trial court's granting the defendant the largess of a sentence of split confinement following the 2009 revocation, the defendant tested positive for the use of cocaine in 2011. Moreover, the defendant had already been afforded considerable leniency by the terms of his plea agreement with the State. Under these circumstances, the trial court did not abuse its discretion.

Accordingly, the judgment of the trial court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE

---

[1](...continued)
preponderance of the evidence, the trial judge shall have the right by order duly entered upon the minutes of the court to revoke the probation and suspension of sentence . . . ." T.C.A. § 40-35-3111(e)(1). Given the inapt citation of *Grear* and the addition of a burden of proof in the 1989 Act, we question whether the "no substantial evidence" language of *Harkins* remains applicable to the determination whether the trial court abused its discretion when revoking probation.