IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 27, 2017 at Knoxville

## STATE OF TENNESSEE v. DEVON ALVON WILSON

**Appeal from the Circuit Court for Maury County**
**No. 20425, 21698, 20700    Stella L. Hargrove, Judge**

_____

## No. M2017-00248-CCA-R3-CD

_____

Devon Alvon Wilson ("the Defendant") appeals the Maury County Circuit Court's order revoking his probation and imposing his sixteen-year sentence for three counts of possession of more than 0.5 grams of cocaine with intent to sell, three counts of possession of marijuana with intent to sell, possession of a Schedule III substance with intent to sell, and evading arrest. On appeal, the Defendant acknowledges that he violated probation but argues that the trial court should have ordered only a partial revocation. Discerning no error, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the Court, in which D. KELLY THOMAS, JR., and CAMILLE R. MCMULLEN, JJ., joined.

Claudia Jack, District Public Defender; Michelle VanDeRee, Assistant District Public Defender (on appeal and at trial); Brandon E. White (on appeal), Columbia, Tennessee, for the appellant, Devon Alvon Wilson.

Herbert H. Slatery III, Attorney General and Reporter; Alexander C. Vey, Assistant Attorney General; Brent A. Cooper, District Attorney General; and Dan Runde, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I. Factual and Procedural Background

In September 2014, the Defendant entered into a global plea agreement in relation to charges filed against him in three different cases. The agreement is summarized as follows:

| Case No. | Count | Offense | Sentence |
|---|---|---|---|
| 21698 | 1 | Possession of more than 0.5 grams of cocaine with intent to sell | 8 years on probation; concurrent with counts 2, 3, and 4, consecutive to count 6 |
| 21698 | 2 | Possession of more than 0.5 grams of cocaine with intent to sell | 8 years on probation; concurrent with counts 1, 3, and 4, consecutive to count 6 |
| 21698 | 3 | Possession of marijuana with intent to sell | 2 years on probation; concurrent with counts 1, 2, and 4, consecutive to count 6 |
| 21698 | 4 | Possession of a Schedule III substance with intent to sell | 2 years on probation; concurrent with counts 1, 2, and 3, consecutive to count 6 |
| 21698 | 6 | Possession of a firearm during the commission of a dangerous felony | 3 years in custody, served 100% |
| 20425 | 1 | Possession of marijuana with intent to sell | 2 years on probation; consecutive to case no. 21698 |
| 20425 | 2 | Evading Arrest | 2 years on probation; concurrent with count 1 |
| 20700 | 1 | Possession of more than 0.5 grams of cocaine with intent to sell | 8 years on probation; concurrent with case no. 20425, consecutive to case no. 21698 |
| 20700 | 2 | Possession of marijuana with intent to sell | 2 years on probation; concurrent with count 1 |

These convictions resulted in an effective nineteen-year sentence, composed of a three-year sentence in custody, followed by two consecutive eight-year probationary sentences.

On January 28, 2015, the Defendant was arrested after selling an undercover police officer a bag of white powder.[1] A probation violation warrant was issued for the Defendant on February 24, 2015, alleging that the Defendant had violated his probation based on the January 28 arrest, his failure to report to his probation officer, and failure to pay fines and supervision fees. At a probation revocation hearing, the State called two witnesses, Felicia Helton, a probation officer, and Gerrod Shirey, an Investigator for the Pulaski Police Department who was involved in the investigation that led to the

---

[1] The officer first believed the white bag of powder to be cocaine, but further testing revealed that the powder was actually flour.

Defendant's January 28 arrest. Ms. Helton testified about the various violations included in the probation revocation warrant. Ms. Helton testified that the warrant included four grounds for prospective revocation. Ms. Helton testified that the warrant alleged that Defendant had been arrested on January 28, 2015, which violated rule one of the Defendant's probation agreement; the Defendant failed to notify his probation officer of his change of residence, which violated rule five; the Defendant had failed to contact his probation officer since February 6, 2015, in violation of rule six; and the Defendant had stopped making payments on his court fines and supervision fee arrearage in February of 2013, in violation of rule nine. Ms. Helton testified that the Defendant's probation officer had attempted to contact the Defendant using the information he provided, but another resident of the Pulaski address told the probation officer that the Defendant was no longer a resident of that address. Ms. Helton also testified that the Defendant ceased communications with his probation officer after he posted bond in relation to the January 28 arrest and that his probation officer considered the Defendant "to have absconded from probation supervision." Ms. Helton testified that the Defendant's case was turned over to the absconding unit in Nashville, where the absconding unit would work with local and federal law enforcement to locate the Defendant.

Investigator Shirey testified about the investigation that led to the Defendant's January 28 arrest. Investigator Shirey received information from the Drug Task Force that the Defendant wanted to engage in a drug transaction with one of the department's undercover agents. Investigator Shirey assisted in the controlled cocaine transaction between the undercover agent and the Defendant, where the Defendant sold the agent a bag of white powder. According to Investigator Shirey's testimony, the Defendant waited for the undercover agent in the bathroom of an Exxon gas station in Pulaski, Tennessee, where the transaction occurred. Shortly after the Defendant emerged from the bathroom, he entered his car and drove a short distance where he was stopped and arrested by waiting officers. Investigator Shirey testified that the officers searched the Defendant and found the marked money the undercover agent used in the transaction. On cross-examination, Investigator Shirey testified that, while he did not know what the substance was, the white powder that the Defendant gave the undercover agent was not cocaine.

The trial court determined that the Defendant violated Rule 1 by being arrested for possession of cocaine for resale, Rule 5 by failing to notify his probation officer of a change in his residence, and Rule 6 by failing to report to his probation officer as required. The trial court noted that the Defendant had multiple drug offenses – calling them "bothersome" – before it revoked the Defendant's probation and ordered the Defendant to serve his sixteen-year sentence in confinement. This timely appeal followed.

## II. Analysis

On appeal, the Defendant argues that the trial court abused its discretion by ordering him to serve his full sixteen-year sentence instead of ordering him to serve either a one-year partial revocation in confinement or only the eight-year sentence ordered in case number 21698. The State argues that the trial court did not abuse its discretion because ordering a defendant to serve his sentence is one of the options available to a trial court pursuant to statute. We agree with the State.

Upon a finding by a preponderance of the evidence that a defendant has violated a condition of his or her probation, a trial court may revoke probation and order the imposition of the original sentence. Tenn. Code Ann. §§ 40-35-310, -311 (2017); *State v. Kendrick*, 178 S.W.3d 734, 738 (Tenn. Crim. App. 2005) (citing *State v. Mitchell*, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991)). We will not disturb the trial court's ruling on appeal absent an abuse of discretion. *State v. Shaffer*, 45 S.W.3d 553, 554-55 (Tenn. 2001) (citing *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991)). To establish an abuse of discretion, a defendant must show that there is "no substantial evidence" in the record to support the trial court's determination that a violation of probation has occurred. *Id.* Proof of a violation does not need to be established beyond a reasonable doubt. *State v. Milton*, 673 S.W.2d 555, 557 (Tenn. Crim. App. 1984) (citing *Roberts v. State*, 584 S.W.2d 242, 243 (Tenn. Crim. App. 1979)). Rather, if a trial court finds by a preponderance of the evidence that a violation has occurred, the court may revoke the probation and suspension of the sentence. Tenn. Code Ann. § 40-35-311(e) (2017).

In his brief, the Defendant does not dispute the fact that the trial court was presented with substantial evidence that showed that he violated his probation by a preponderance of the evidence. In any event, the testimony presented at the probation revocation hearing provided the trial court with substantial evidence to determine that the Defendant violated three rules of his probation.

Once a trial court has determined that a violation of probation has occurred, the court has the discretionary authority to order the defendant to: (1) incarceration; (2) have the defendant serve the original sentence; (3) modify the conditions of the defendant's probation; or (4) extend the defendant's probation period for up to two additional years. *See* Tenn. Code Ann. §§ 40-35-308(a), -308(c), -310, -311(e); *State v. Hunter*, 1 S.W.3d 643, 648 (Tenn. 1999). The determination of the proper consequences of the probation violation embodies a separate exercise of discretion. *State v. Reams*, 265 S.W.3d 423, 430 (Tenn. Crim. App. 2007).

Citing to Tennessee Code Annotated section 40-35-102(5), the Defendant argues that the trial court abused its discretion when it fully revoked the Defendant's probation and ordered him to serve the remainder of his sentence in confinement. That statute recognizes that "state prison capacities and the funds to build and maintain them are

limited[.]" Tenn. Code Ann. § 40-35-102(5). According to the statute, "convicted felons committing the most severe offenses, possessing criminal histories evincing a clear disregard for the laws and morals of society and evincing failure of past efforts at rehabilitation shall be given first priority regarding sentencing involving incarceration[.]" *Id.* In this case, the Defendant had been convicted of multiple drug offenses, for which the Defendant originally received probation. The Defendant's arrest on January 28 was for an additional drug offense. The trial court called these drug offenses "bothersome" before it revoked the Defendant's probation and ordered him to serve his remaining sentence. Because the trial court acted under its discretionary authority, as authorized by statute, to order the Defendant to serve his remaining sixteen-year sentence in confinement, the trial court did not abuse its discretion. The Defendant is not entitled to relief on this ground.

### III. Conclusion

For the aforementioned reasons, the judgment of the trial court is affirmed.

_____
ROBERT L. HOLLOWAY, JR., JUDGE