FILED

02/18/2020

Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 12, 2020

**STATE OF TENNESSEE v. GUSTAVIUS SMITH**

**Appeal from the Circuit Court for Montgomery County**
**No. CC-11-CR-96    William R. Goodman, III, Judge**

_____

**No. M2018-02182-CCA-R3-CD**

_____

Gustavius Smith, Defendant, admitted to violating the terms of probation and was allowed to enter a six-month program at a rehabilitation facility. After three additional violation of probation warrants were issued alleging Defendant received new criminal charges, and after Defendant was expelled from two rehabilitation programs, the trial court revoked Defendant's probation and ordered him to serve the balance of his sentence in the Tennessee Department of Correction. Discerning no error, the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the court, in which THOMAS T. WOODALL and ROBERT W. WEDEMEYER, JJ., joined.

Jay Umerley, Nashville, Tennessee, for the appellant, Gustavius Smith.

Herbert H. Slatery III, Attorney General and Reporter; Renee W. Turner, Senior Assistant Attorney General; John W. Carney, Jr., District Attorney General; and Helen Young, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**Factual and Procedural Background**

On January 16, 2011, Defendant was convicted in Montgomery County Circuit Court Case Number 41100106 of manufacturing, selling, and delivering cocaine and was sentenced to five years to be served on probation. On January 23, 2015, a probation violation warrant was issued based on an affidavit in which Defendant's probation officer averred that Defendant was arrested on January 15, 2015, "for Conspiracy" and that he

failed to pay $453.00 in probation fees. Defendant was released on bond in the amount of $1,000. The trial court appointed counsel for Defendant. On April 28, 2016, an amended probation violation warrant was issued based on an affidavit averring that Defendant was arrested on April 24, 2016, for manufacturing, selling, and delivering Schedule II drugs; possession of a firearm in the commission of a dangerous felony, convicted felon going armed, possession of a handgun while under the influence, violation of implied consent law, driving under the influence, tampering with or fabricating evidence, and driving on a revoked license. The warrant also stated that Defendant owed $835.00 in probation fees. Defendant then retained private counsel, and appointed counsel was relieved. Defendant was released on bond in the amount of $5,000. On November 28, 2016, a probation violation warrant was issued based on an affidavit alleging that Defendant was arrested for domestic assault and vandalism. On December 9, 2016, Defendant was released on bond in the amount of $2,500.

At the January 11, 2017 probation revocation hearing, Defendant admitted that he violated the terms of probation, and the case was set for a dispositional hearing on February 16, 2017. At the February 16 hearing, Defendant was allowed to enter a "minimum six[-]month rehab[ilitation] facility," and the case was reset to April 12, 2017. On April 12, the case was reset to May 31, 2017. On May 31, counsel stated that he was unsure of the location of Defendant's Florida rehabilitation program, and the case was reset for June 19, 2017. On June 19, counsel for Defendant stated that he did not know if Defendant was in a rehabilitation program or where he was in Florida. On June 23, 2017, a capias and conditional forfeiture was filed. Counsel then filed a motion to recall the capias, claiming that Defendant had been admitted into a rehabilitation center in Florida on June 20, 2017. The capias was recalled on July 13, 2017. On August 8, 2017, a second capias and forfeiture was entered. A letter from Buffalo Valley Inc. was filed stating that Defendant entered their alcohol and drug rehabilitation center on August 4, 2017.

On October 30, 2017, a probation violation warrant was issued based on an amended violation of probation warrant averring that Defendant had been arrested on October 13, 2017, for aggravated assault, evading arrest, and being a fugitive wanted by another state. The report also stated that Defendant had been discharged from the Florida rehabilitation center on June 27, 2017, and from Buffalo Valley on August 18, 2017, for refusing to comply with rules of the rehabilitation centers. His bond was set at $507,000. Retained counsel was allowed to withdraw, and the court appointed another attorney to represent Defendant. Appointed counsel then filed a motion asking the trial court to allow Defendant to "retract" his January 11, 2017 admission to violating probation. Based on a "breakdown in communications," counsel moved to withdraw which was granted by the court. Another counsel was appointed on March 29, 2018, and counsel filed a motion to set bond which was denied by the court.

- 2 -

On July 12, 2018, the court denied the motion to withdraw Defendant's January 11, 2017 admission of violating the terms of probation. On September 7, 2018, counsel for Defendant moved to withdraw, claiming an "irreconcilable conflict" with Defendant who had filed a complaint against him with the Board of Professional Responsibility. No order allowing counsel to withdraw appears in the record. Defendant filed a pro se motion to have his probation "terminated" and for reasonable bond, both of which were denied.

On November 2, 2018, a violation of probation hearing was held. Counsel argued that "[Defendant] was under the impression that if he admitted violation, he would go to rehab. If he completed rehab, all his cases would be dismissed." Neither party submitted proof. Following argument of counsel, Defendant requested and was allowed to make an unsworn statement. Defendant admitted being "ejected from my rehabs" but claimed he never missed a court date and always reported. Although his motion to withdraw his admission to violating probation was previously denied, Defendant again asked the court "to give me the possibility to be able to fight my cases from the street as I had been before, you know, going to rehab."

The trial court revoked Defendant's probation and ordered Defendant to serve his sentence in confinement. Counsel for Defendant timely filed a notice of appeal.

Appellate counsel filed a motion to withdraw, claiming that Defendant filed a second complaint against him with the Board of Professional Responsibility alleging misconduct and claiming that counsel had lied to him. This court denied the motion to withdraw, and counsel filed a brief for Defendant.

**Analysis**

On appeal, Defendant claims that the trial court erred by not allowing him to withdraw his admission to violating the terms of probation and in ordering him to serve the balance of his sentence in the Tennessee Department of Correction.

*Withdrawal of Admission to Violating the Terms of Probation*

Defendant argues that Tennessee Rule of Criminal Procedure 32(f), which governs withdrawal of a guilty plea, should govern his motion to withdraw his admission to violating the terms of probation. Admitting to a violation of probation is not a guilty plea. *State v. Daniel D. Harbaugh*, No. E2010-00208-CCA-R3-CD, 2010 WL 3620334, at *4 (Tenn. Crim. App. Sept. 20, 2010). A panel of this court recently determined "that Rule 32(f) does not govern or allow for a motion to withdraw an admission to a violation of a defendant's probation." *State v. Barbara Pinnix*, No. M2017-00822-CCA-R3-CD,

2018 WL 720263, at \*3 (Tenn. Crim. App. Feb. 6, 2018), *perm. app. denied* (Tenn. June 6, 2018).  We agree.

At the January 11, 2017 probation revocation hearing, Defendant was provided an opportunity to present proof concerning the alleged violations and to make the State prove the grounds in the probation violation warrant by a preponderance of the evidence.  Instead, Defendant chose to admit that he violated the terms of his probation.

On March 7, 2018, over a year after admitting to the violation, and after being served with three additional probation violation warrants averring that Defendant had received new charges, and after being expelled from two rehabilitation facilities, Defendant filed a motion to withdraw his admission to violating the terms of probation because he "was under the impression that he would be going to drug rehab" and "that going to a drug rehab would resolve all of his pending matters."  Defendant apparently believes that he had unlimited opportunities to complete the "minimum six[-]month rehab[ilitation] facility" ordered by the trial court on January 11, 2017.  He is badly mistaken.  The trial court bent over backwards to provide Defendant with numerous opportunities to succeed so that he could continue to serve his sentence on probation.  The court did not abuse its discretion by denying Defendant's motion to withdraw his admission to violating the terms of his probation.  This issue is totally without merit.

*Imposition of Original Sentence*

Upon a finding by a preponderance of the evidence that a defendant has violated a condition of his or her probation, a trial court may revoke probation and order the imposition of the original sentence.  Tenn. Code Ann. §§ 40-35-310, -311 (2017); *State v. Kendrick*, 178 S.W.3d 734, 738 (Tenn. Crim. App. 2005) (citing *State v. Mitchell*, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991)).  We will not disturb the trial court's ruling on appeal absent an abuse of discretion.  *State v. Shaffer*, 45 S.W.3d 553, 554-55 (Tenn. 2001) (citing *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991)).  To establish an abuse of discretion, a defendant must show that there is "no substantial evidence" in the record to support the trial court's determination that a violation of probation has occurred.  *Id.* Proof of a violation does not need to be established beyond a reasonable doubt.  *State v. Milton*, 673 S.W.2d 555, 557 (Tenn. Crim. App. 1984) (citing *Roberts v. State*, 584 S.W.2d 242, 243 (Tenn. Crim. App. 1979)).  Rather, if a trial court finds by a preponderance of the evidence that a violation has occurred, the court may revoke the probation and suspension of the sentence.  Tenn. Code Ann. § 40-35-311(e) (2017).

After admitting that he violated the terms of probation, Defendant was given an opportunity to complete a rehabilitation program.  Defendant was dismissed from two rehabilitation centers for failure to comply with the centers' rules.  Before the trial court

- 4 -

revoked probation, three additional probation violation warrants had been issued alleging that Defendant received new charges. There was overwhelming evidence to support the trial court's decision. The trial court acted well within its discretion in revoking Defendant's probation and in ordering him to serve the balance of his sentence in the Tennessee Department of Correction.

**Conclusion**

The judgment of the trial court is affirmed.

_____
ROBERT L. HOLLOWAY. JR., JUDGE